## CROWTHER v. CITY OF YONKERS.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—EVIDENCE.

   In an action against a city for personal injuries it appeared that a sewer-trench, eight feet deep, made in one of defendant's streets, was left unprotected and without lights except at the head of the trench. Plaintiff started to go from her son's house to her home at about 6 o'clock on a dark evening, it being necessary to cross the excavated street, and was afterwards found lying in the trench. The place of the accident was unlighted, and the trench was invisible to those who found plaintiff. *Held*, that the question of contributory negligence was properly submitted to the jury.

2. SAME—UNPROTECTED EXCAVATION.

   It is gross negligence for a city to allow a sewer excavation eight feet deep to remain unguarded and without lights except at the head of the excavation.

Appeal from circuit court, Westchester county.

Action by Catherine Crowther against the city of Yonkers for injuries caused by falling into an unguarded sewer-trench on a dark night. Plaintiff's mind became so affected after the accident that she was incompetent to testify. From a judgment entered on a verdict for plaintiff for $5,000, together with an extra allowance of $250, and $125.82 costs, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Joseph F. Daly*, for appellant. *Rudd & Hunt*, for respondent.

BARNARD, P. J. The defendant was constructing a sewer in Neppertron avenue. The sewer was only protected at the head of the excavation. The sides were left unprotected. On the night of the 7th of January, 1890, the plaintiff was found injured at the bottom of the sewer-trench, which was some 8 feet deep, and some 70 feet from the head of the sewer. The defendant was guilty of gross negligence. *Pettengill* v. *City of Yonkers*, 116 N. Y. 558, 22 N. E. Rep. 1095. The proof that the accident was caused by this neglect was sufficient. The plaintiff left her son's house, in Jones place, at about 6 o'clock, to go to her home. She had to cross Neppertron avenue to get there. She was found in the trench. There was no suggestion of suicide from the evidence, and none of violence by others to the plaintiff. The natural inference was that the plaintiff, in her attempt to cross the avenue, fell in the unguarded excavation. She had the right to cross the street with due care at other points than the regular crossings. She also had the right to assume that the streets were safe. She was free from contributory negligence, as matter of law, and the jury were justified in finding her free from contributory negligence as a matter of fact. The night was very dark. The plaintiff was an elderly woman. The point of crossing Neppertron avenue was in the direct line of her route home. She was found in the trench so soon after leaving her son's house as to prove that she went directly for her home until she fell in the trench. The trench was invisible to those who found her. The place was unlighted, and it was a very public thoroughfare. The action is supported by the cases of *Johnson* v. *Railroad Co.*, 20 N. Y. 65; *Totten* v. *Phipps*, 52 N. Y. 354; *Tolman* v. *Railroad Co.*, 98 N. Y. 198; *Galvin* v. *Mayor, etc.*, 112 N. Y. 223, 19 N. E. Rep. 675. In the case of *Bowen* v. *City of Rome*, 23 Wkly. Dig. 406, the plaintiff knew of the excavation, and without due care attempted to cross it, and fell in and was injured. She was nonsuited for contributory negligence. This case had enough evidence to go to the jury on that question, under the rule laid down by the court of appeals in the cases above cited. Judgment affirmed, with costs.

All concur.