## SMITH v. CITY OF JACKSON.

DEFECTIVE STREETS—CONTRIBUTORY NEGLIGENCE.

> One who drives at a trot along a street, upon a dark night, within four or five feet of a lighted red lantern displayed near the center of the street, and seen by him when several rods distant, is guilty of contributory negligence precluding a recovery for injuries sustained by falling into an excavation thus sought to be guarded.

Error to Jackson; Peck, J. Submitted June 12, 1895. Decided July 2, 1895.

Case by Adelbert H. Smith against the city of Jackson for personal injuries. From a judgment for defendant, plaintiff brings error. Affirmed.

*Blair, Edwards & Blair*, for appellant.

*William E. Ware*, for appellee.

McGRATH, C. J.   Plaintiff, while driving upon a public street in the night-time, drove into an excavation, and brings case against the city.   The court held that plaintiff was guilty of contributory negligence, and directed a verdict for the city.

The city had recently laid water mains in Ganson street, an east and west street, and was engaged in connecting a hydrant at the south curb of the street.   The main had been laid near the center of the street.   To make the connection, the original trench was reopened for some ten feet, and a trench had been made from the main to the curb, forming a T.   The earth from the north and south trench had been thrown up on both sides of the excavation, while the earth from the trench over the main had been thrown to the north, forming a mound four feet in height, the south line of the base of which was one foot from the north line of the trench. A lighted red lantern was placed on the top of this mound about midway between the east and west ends thereof.   Plaintiff testified that he was driving east at a slow jog trot; that he saw the light right ahead of him when he was four or five rods west of the light; that his horse continued at the same gait until he reached the vicinity of the light, when he turned to the right to shun the light; that the horse and the left front wheel of the buggy fell into the east and west trench; and plaintiff thinks that he was thrown over the earth into the north trench leading to the curb.   The main trench was from 2 to $2\frac{1}{2}$ feet in width.

In view of plaintiff's own testimony, we think that the court did not err in holding, as a matter of law, that plaintiff, in continuing at a trot along this street, upon a dark night, within four or five feet of a recognized danger signal, was not in the exercise of ordinary care.   If he had slackened the speed of his horse, and felt his way, it might have been said that he was in the exercise of some degree of care in the presence of a warning of danger, but he does not seem to have taken any precaution

except to avoid driving over the light. This is not a case where plaintiff had knowledge of an existing defect, but in the darkness was 'unable to locate it. In *Wood* v. *Bridgeport Borough*, 143 Pa. St. 167, the trench extended across the entire street, and two lights were placed on the right-hand side of the street. In *Crowther* v. *City of Yonkers*, 15 N. Y. Supp. 588, the sewer extended over 70 feet, and was protected only at its head. Plaintiff was found injured at the bottom of the sewer 70 feet from the head of the sewer. These cases are clearly distinguishable from the present.

The judgment is affirmed.

The other Justices concurred.