(107 N. W. 43.)

---

## J. L. RAPP v. FRED HANSEN.

Opinion filed February 15, 1906.

### Appeal — Informalities — Remedy Below.

A judgment will not be reversed on appeal for an informality which ought to be remedied by motion in the court below.

Appeal from District Court, Stutsman county; *Burke, J.*

Action by J. L. Rapp against Fred Hansen. From a judgment on appeal from a justice plaintiff appeals.

Affirmed.

*J. A. Coffey,* for appellant.
*Parks & Olsberg,* for respondent.

ENGERUD, J. This action was commenced in justice court, where plaintiff recovered judgment. Defendant thereupon appealed to the district court, and demanded a new trial of the action in that court. The action was accordingly tried anew in that court without a jury. After hearing the testimony, the court made findings of fact and conclusions of law adverse to plaintiff. The conclusions state that, on the facts found, the court held that plaintiff was not entitled to recover on the cause of action alleged, and ordered judgment to be entered to the effect that the judgment rendered in justice court be reversed, and that defendant recover the taxable costs and disbursements. Judgment was entered accordingly. Plaintiff appeals from that judgment.

Appellant urges, and it is the only error relied upon for reversal, that the conclusions and judgment do not dispose of all the issues. The order for judgment, which was included in and made part of the conclusions, fails to state in express terms that the ac-

tion should be dismissed on the merits. The judgment is subject to the same criticism. The order for judgment and judgment were improperly worded, but it does not follow that there should be a new trial of the action or a reversal of the judgment. It is conceded that the issues were properly tried, and that the findings of fact are sufficient, and in accordance with the evidence. Appellant does not question the correctness of the court's conclusion that the facts as found showed that the plaintiff had no right to recover. It is perfectly clear from the whole judgment roll that the court intended to dismiss the action on the merits. The only irregularity is that the judgment standing alone, apart from the judgment roll, does not clearly show that the action was tried and decided on the merits. If the irregularity was prejudicial to plaintiff, he had ample remedy by motion for the formal correction of the judgment in the district court. The informality of the judgment is clearly no ground for reversal, or a new trial.

The judgment is affirmed, with leave to either party to apply to the district court for the correction of the informality thereof. All concur.