## JAMES A. WELLS v. CITY OF LISBON.

(128 N. W. 308.)

**Municipal Corporations — Excavations in Streets — Protection of Travelers — Care Required.**

1. In prosecuting works requiring excavation in the traveled street of a city, a municipal corporation is bound to do so with due regard to the rights.

Note. — The question of liability of a municipal corporation for injury from defects or obstructions in streets is considered in a note in 20 L.R.A.(N.S.) 513, in which all questions as to the duty of municipalities to keep streets in safe condition, the degree of care required, the precautions to be taken in case of excavations,

of travelers in the vicinity of the excavation, and must use such precautions as are reasonably necessary for the protection of such travelers.

**Municipal Corporations — Repair of Streets — Ordinary Care — Degree Dependent on Circumstances.**

2. The degree of care required of a municipality in such case is ordinary care, and what constitutes ordinary care depends upon the circumstances of the particular case, and must depend largely upon atmospheric and other conditions.

**Municipal Corporations — Excavations in Streets — Degree of Care — Atmospheric Conditions.**

3. Greater care is required in such case on the part of a municipality in a snowy, dark, or stormy night, than in a clear, moonlight night.

**Municipal Corporations — Excavations in Streets — Negligence of City — Question for Jury.**

4. The evidence in this case being conflicting as to the precautions which the appellant took on a stormy night to protect travelers from injury by reason of an excavation in a traveled street in the city, it is *held*, that the question of defendant's negligence was properly submitted to the jury.

**Municipal Corporations — Repair of Streets — Degree of Care Required of Traveler — Atmospheric Conditions.**

5. The care required of a traveler in a street of a city where excavations or other obstructions exist is such as persons of common and reasonable prudence ordinarily exercise under like circumstances, and must be proportionate to the increased danger from darkness or other atmospheric conditions.

**Municipal Corporations — Obstruction of Streets — Contributory Negligence — Question for Jury.**

6. When defendant's dray approached an excavation in appellant's street between 6 and 6: 30 P. M. on the 2d day of January, only one light was burning to warn travelers of danger from such excavation. That light was placed in the middle of the street, where there was no excavation, but where the street had been obstructed by a plank 18 inches above the surface on which this light was hung, such plank covering the only safe part of the street, and the driver, being unable to see where the excavation was, assuming that the light marked the place of excavation, turned away from the light, and his team, floundering in a snow drift, fell into the excavation and was killed. The question of the contributory negligence of the driver was one for the jury, under these facts and the surrounding circumstances.

etc., are considered and the authorities reviewed. The question of necessity and sufficiency of notice of claim or cause of injury is also considered in this note (pages 757 et seq.).

The question of contributory negligence of person injured on defective street is treated in notes in 21 L.R.A.(N.S.) 614, and 47 Am. Rep. 744.

**Municipal Corporations — Obstructed Street — Injury to Travelers — Evidence.**

7. The driver of plaintiff's team was permitted to testify as to the manner in which he had seen similar excavations in the same city protected, as one reason for supposing the light marked the excavation. *Held*, that the admission of such testimony was not prejudicial, but was competent to aid the jury in determining the degree of care exercised by the driver, if limited, as it was in this case, to that purpose when offered.

**Municipal Corporations — Trial — Injury to Travelers — Instructions.**

8. Objections to certain instructions to the jury held without merit.

**Municipal Corporations — Obstructed Streets — Injury to Traveler — Notice of Claim — Sufficiency.**

9. Plaintiff filed a notice of claim with the city auditor in an attempt to comply with the provisions of §§ 2703 and 2704, R. C. 1905. Plaintiff assigned error because two papers, each verified by the claimant, were not filed, instead of one. *Held*, that inasmuch as the one notice filed contained all the information required by both sections, it was a sufficient compliance with the statute, and that it is a matter of indifference whether the whole information required to be given the city council is contained in one paper or two, if sufficient in substance to serve the purpose intended.

Opinion filed October 10, 1910.

Appeal from the District Court of Ransom county; *Allen*, J.

Action for loss of a pair of mules in an excavation in the street of the defendant and appellant. Verdict and judgment for plaintiff and respondent.

Affirmed.

*Sidney E. Adams,* for appellant.

City need only place a light that will warn reasonably prudent people of danger. Karrer v. Detroit, 142 Mich. 331, 106 N. W. 64; Slaughter v. Huntington, 64 W. Va. 237, 16 L.R.A.(N.S.) 459, 61 S. E. 155; Garnetz v. Carroll, 136 Iowa, 569, 114 N. W. 57.

Due care is presumed. Swift & Co. v. Holoubek, 60 Neb. 784, 84 N. W. 253; O'Connor v. Connecticut R. & Lighting Co. 82 Conn. 170, 72 Atl. 934.

Where plaintiff's proof shows his contributory negligence, directed verdict is proper. Prideaux v. Mineral Point, 43 Wis. 524, 28 Am. Rep. 558; Hoth v. Peters, 55 Wis. 405, 13 N. W. 219; Mares v. Northern P. R. Co. 3 Dak. 336, 21 N. W. 5; 29 Cyc. Law & Proc. p.

630 (B) and cases cited; 27 Cyc. Law & Proc. p. 605 (III); Gleason v. Suskin, 110 Md. 137, 72 Atl. 1034.

*Chas. S. Ego,* for respondent.

City must protect its streets in a reasonably prudent manner. Chacey v. Fargo, 5 N. D. 173, 64 N. W. 932; Ouverson v. Grafton, 5 N. D. 281, 65 N. W. 676; Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517; Blessington v. Boston, 153 Mass. 409, 26 N. E. 1113; Colorado Mortg. & Invest. Co. v. Rees, 21 Colo. 435, 42 Pac. 42.

Where evidence of negligence is controverted, finding of jury is decisive. Finney v. Northern P. R. Co. 3 Dak. 270, 16 N. W. 500; Franz Falk Brewing Co. v. Mielenz Bros. 5 Dak. 136, 37 N. W. 728; Studebaker Bros. Mfg. Co. v. Zollars, 12 S. D. 296, 81 N. W. 292; Drinkall v. Movius State Bank, 11 N. D. 10, 57 L.R.A. 346, 95 Am. St. Rep. 693, 88 N. W. 724; Flath v. Casselman, 10 N. D. 420, 87 N. W. 988; Taylor v. Jones, 3 N. D. 235, 55 N. W. 593; Larson v. Grand Forks, 3 Dak. 307, 19 N. W. 414; Bishop v. Chicago, M. & St. P. R. Co. 4 N. D. 536, 62 N. W. 605. Lights must be secured as well as placed. Schumacher v. New York, 166 N. Y. 103, 59 N. E. 773.

Refusing a directed verdict was not error. Ouverson v. Grafton, 5 N. D. 281, 65 N. W. 676; Ludlow v. Fargo, 3 N. D. 485, 57 N. W. 506; Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427; Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841; Sutton v. Snohomish, 11 Wash. 24, 48 Am. St. Rep. 847, 39 Pac. 273; Buck v. Biddeford, 82 Me. 433, 19 Atl. 912; Wakeham v. St. Clair Twp. 91 Mich. 15, 51 N. W. 696; Fletcher v. Ellsworth, 53 Kan. 751, 37 Pac. 115.

If notice to city states facts clearly and substantially it is sufficient. Dubois County v. Wertz, 112 Ind. 268, 13 N. E. 874; Howard County v. Jennings, 104 Ind. 108, 3 N. E. 619; Powers v. St. Paul, 36 Minn. 87, 30 N. W. 433; Shepard v. Easterling, 61 Neb. 882, 86 N. W. 941; LaFlamme v. Albany, 158 N. Y. 699, 53 N. E. 1127; Young v. Douglas, 157 Mass. 383, 32 N. E. 354.

Defects were waived. Dundas v. Lansing, 75 Mich. 499, 5 L.R.A. 143, 13 Am. St. Rep. 457, 42 N. W. 1011; Griswold v. Ludington, 116 Mich. 401, 74 N. W. 663; Wright v. Portland, 118 Mich. 23, 76 N. W. 141; Wheeler v. Detroit, 127 Mich. 329, 86 N. W. 822; Rusch v. Dubuque, 116 Iowa, 402, 90 N. W. 81; Werner v. Rochester, 149 N. Y. 563, 44 N. E. 300.

If notice was defective, notice of its rejection on that ground should have been given. Abbott, Mun. Corp. §§ 484–1061; Connor v. Salt Lake City, 28 Utah, 248, 78 Pac. 479; Chamberlain v. Saginaw, 135 Mich. 61, 97 N. W. 156.

SPALDING, J. The defendant, the city of Lisbon, is a municipal corporation. The plaintiff on the 2d day of January, 1907, was the owner of a dray and a pair of mules, and one Laren was employed as the driver thereof in the business of draying. The city of Lisbon was engaged on that day in laying water mains on certain streets, particularly near the south side of Sixth street where it crosses Elm street, Sixth street running east and west and Elm street north and south. A ditch had been excavated along Sixth street for the purpose named, about 8 feet deep, and it extended from both the east and west into Elm street, leaving a space from 14 to 18 feet wide in the center of Elm street unexcavated. The evening of January 2d was very stormy and the wind blew with considerable force, drifting the snow. Workmen had been engaged for some time on this excavation, and on that evening ceased work about 5 : 30 o'clock, when a plank was placed across the intact portion of Elm street, one end resting upon a pile of dirt and the other upon some cans about 30 inches above the surface of the roadbed, and a lighted lantern was suspended from the center of the plank. Testimony was submitted showing that other lights were placed in different localities in the vicinity of the excavations, but there is no evidence that at the time of the accident any light was visible except the one in the center of Elm street. Testimony was also received that thirty minutes after the lights are claimed to have been placed, there were no lights or barricades on either of the ditches. Other witnesses testified that they saw several lights shortly after the time a workman testified to placing them. About 6 :15 or 6 :30 that evening, Laren drove toward this spot with plaintiff's mules and dray. He testifies that he saw the one light in the center of the street when about 40 feet from it; that the mules were walking; that he could see no pile of dirt ahead; that he pulled the mules up and turned to the left, between the end of the ditch and the curb, on the assumption that the ditch or obstruction was where the light was placed, and that, as far as he could see, there was an unobstructed passage to the side of the light. The

snow was drifted so as to conceal the pile of dirt which had been thrown from the excavation, and his mules floundered as they reached the drift, and fell into the ditch, and received injuries, which resulted in their death. This action is brought to recover the value of the mules. The answer admits that the mules were killed by falling into the ditch, denies that the streets were dangerous, unsafe, or defective, and that the city failed to place warning signals at or near the excavation, and alleges that it used due care and diligence in guarding the same with lanterns and barricades, and alleges that the injury complained of was caused solely by the negligence and want of ordinary care on the part of Laren, the driver, and that the ditch was guarded by lights to warn teamsters and other persons using said streets of the existence of the obstacles; that Laren was aware of such warning signals, and notwithstanding the same, and without making any examination of the highway on which he was driving, started to drive around said lights and barricade, and in so doing, in the dark and in the storm, drove into the snow bank, in which his mules floundered, causing them to fall into the ditch, whereby they were injured as alleged.

The jury returned a verdict in favor of the plaintiff, assessing his damages at $450, upon which judgment was duly entered. The case is here on appeal from the judgment and from an order denying appellant's motion for judgment *non obstante* or for a new trial.

The errors assigned relate to the orders denying defendant's motion for a directed verdict at the close of plaintiff's case in chief, its motion for a directed verdict at the close of the whole case, to the admission of certain evidence, and to certain instructions of the court. We shall consider them separately.

1. In prosecuting works of the nature described in this complaint, a municipal corporation is bound to do so with due regard to the rights of travelers on the street in the vicinity of the excavation, and it must use such precautions as are reasonably necessary for the protection of such travelers. The degree of care required of the municipality is ordinary care, and what constitutes ordinary care depends upon the circumstances of the particular case. Elliott, Roads & Streets, § 472, and authorities cited. The degree of care requisite may depend largely upon the atmospheric and other conditions, greater care being required

to constitute ordinary care in a snowy, dark, or stormy night than in a clear, moonlight night.

In the case at bar there is no evidence that more than one lantern was present in the vicinity of the excavation at the time of the accident, and this within an hour after the workmen ceased their labors and placed the light or lights. The testimony as to the placing of other lights is indefinite as to where located, or how they were protected, or to what extent they warned travelers. If, as a fact, several lights were placed, the failure in less than an hour of all but one was evidenced, from which the jury might conclude that they were inadequate or improperly placed to serve the purpose contemplated. The location of one light on the only safe part of the street, hung from a plank 30 inches above ground, could rightly be considered by the jury an act of negligence in itself, and as warning the traveler away from the safe portion of the street, and tending to turn him into the unsafe portion, just as it did in this instance. In short, the nature of the evidence regarding the character of the lights and their location is such that the most that can be said in favor of appellant is that it was sufficient to sustain a verdict of negligence on the part of the city. We need not consider the question of barricades and other methods of warning to protect travelers, because no claim was made on the trial that any precautions were taken by the placing of lanterns, and the action was tried on the theory that lanterns were the only warnings used.

2. Was Laren, the driver, negligent? Like the question of negligence on the part of the municipality, the care required on his part is, in general, such as persons of common and reasonable prudence ordinarily exercise under like circumstances, and must be proportionate to the increased danger from darkness and other atmospheric conditions. Elliott, Roads & Streets, §§ 635 to 637; Overson v. Grafton, 5 N. D. 281, 65 N. W. 676; Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841; 15 Am. & Eng. Enc. Law, p. 472.

There is a conflict in the evidence as to the driver knowing that the ditch was ahead. We think, under the circumstances of this case, the question of the driver's negligence was a question for the jury, at least there is sufficient evidence of care on his part to sustain the verdict. The jury was in a better position to judge of the care required of an ordinarily prudent person, under the conditions existing on that night.

in that place, than the court can be. Whether such a person would, under the circumstances, have turned to one side on discovering the light and noting its location, on the assumption, as did the driver, that the light marked the obstruction, is not sufficiently clear so the minds of reasonable and fair men would be likely to reach the same conclusion. Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359, and authorities cited. Defendant relies upon Smith v. Jackson, 106 Mich. 136, 63 N. W. 982, as his strongest authority, and says that it is directly in point except that in that case the team was slowly trotting instead of walking. We do not so read it. On the contrary we read it as tending to support respondent's case. In that case the driver saw the light 4 or 5 rods distance, and his horse continued at a trot until he reached the vicinity of the light, when he turned to the right to shun the light, and his horse fell into the trench. He did not turn far enough nor soon enough, and the light was located on the obstruction. He took no precaution except to avoid driving over the light. Crowther v. Yonkers, 39 N. Y. S. R. 748, 15 N. Y. Supp. 588, is much more nearly in point. In that case a sewer trench made in the street was left unprotected and without lights except at the head of the trench, a distance of 70 feet. Plaintiff fell into the trench and was injured, and the court held that the question of contributory negligence was properly submitted to the jury, and that it was gross negligence for the city to allow a sewer excavation to remain unprotected and without lights except at the head of the excavation. In the case at bar the one light found was at the head of the two excavations and not on either of them. In Wood v. Bridgeport, 143 Pa. 167, 22 Atl. 752, the plaintiff testified that the light was on the right-hand side of the road; he attempted to drive by on the left side of the road. Defendant's witnesses claimed that the lights were equally distributed across the street. There was evidence that the occupants of the carriage were warned by a person on the street that they could not cross, and it was held that the questions of negligence and contributory negligence were for the jury, and that as to the driver stopping and looking and finding out what was meant by the lights, the test was whether he acted as a man of ordinary care and prudence would have acted under similar circumstances.

Authorities might be multiplied sustaining our conclusions, which

are that as to the motions, unless evidence was improperly received, to which we refer later, the court did not err in denying them.

3. The second class of assignments relates to the admission of evidence regarding some of Laren's reasons for supposing the ditch where the light appeared. In brief, this testimony was to the effect that he had seen other ditches on public work in that city, protected by lights placed on planks in front of the excavations, and the center of the street left open for travel. Even if the admission of this testimony constituted error, we are not clear that it was prejudicial, but we think it was admissible to aid in determining the degree of care exercised by the driver. It was limited to this purpose, when offered. The jury was entitled to know the conditions existing and what prompted him to pursue the course which he did pursue. The fact that the city, on other jobs of this kind, had pursued a custom of placing warnings in a certain manner, had some bearing on what he might expect in the instant case. Its weight as evidence might be slight, but its value was for the jury to determine. 8 Enc. Ev. p. 952.

4. Other assignments relate to certain instructions given to the jury. The first error relates to an instruction regarding the place of the lights, the objection being that it ignored the question of their proper location. The language of the court indicated that it was necessary for the jury to find as to whether they were so placed that they would accomplish the purpose of warning anyone of danger. It was not the province of the court to indicate the exact spots where they should have been placed. We think this a sufficient reference to the location, and that it is, at least, as favorable to the appellant as it should be. Objection is made to the court's reference to the kind of lights, wherein he indicated that they should be such as were ordinarily used for that purpose, and that lanterns would be proper lights, while a tallow candle would not be. We see no objection to his having compared lanterns with a tallow candle, though no candle was in evidence either at the excavation or in the record. Appellant's suggestion that the statement that a candle would not have been a proper light was erroneous, in view of the fact that under some circumstances it might have been, is without merit, and could have had no influence on the jury. Other assignments relating to instructions are on similar lines, ——extremely fine spun and without merit.

5. It is urged that the notice of claim filed with the city auditor does not comply with § 2704, Rev. Codes 1905. Appellant contends that under the terms of §§ 2703 and 2704, two papers should have been filed, each verified by the claimant,—one, the claim for which the action is brought, with an abstract of the facts out of which the cause of action arises; the other, a separate abstract of the facts. The notice filed contained the claim and statements required, in one document duly verified. We deem it a matter of indifference whether the whole information required to be given the city council is contained on one paper or two, so it complies with the requirements of the statute in substance and serves the purpose intended.

The orders and judgment of the District Court are affirmed. All concur.