# CITY OF VALPARAISO v. CHESTER, ADMINISTRATRIX.

[No. 21,897. Filed December 14, 1911.]

1. JUDGMENT.—*Rendition Nunc pro Tunc.—Death.—Abatement.— Negligence.—Cities.—Verdict.—Administrators.*—In an action for negligence against a city, the plaintiff having died after a verdict had been returned in his favor, and before judgment, it is proper to render a judgment in favor of his personal representative as of the date of the verdict. p. 638.

2. COURTS.—*Delay by.—Prejudice.—New Trial.*—Delay by the court in ruling on a motion for a new trial will not be permitted to prejudice the rights of the parties, such delay being attributable to the court, since such motion may be made before or after the rendition of judgment. p. 639.

3. APPEAL.—*Briefs.—Omission of Questioned Complaint.*—Appellant's failure to set out in its brief the questioned complaint waives any question thereon. p. 640.

4. MUNICIPAL CORPORATIONS. —*Defective Streets.* —*Firemen.* —*Assumption of Risk.*—Firemen in driving upon the streets, in the discharge of their duties, do not assume the risk of danger from defects and obstructions in the streets.  p. 640.

5. MUNICIPAL CORPORATIONS. —*Streets.* —*Travelers.*—*Jury.*—Under proper instructions, it is a question for the jury to determine whether any particular person using the streets of a city is a traveler within the meaning of the law.  p. 641.

6. MUNICIPAL CORPORATIONS.—*Defective Streets.—Liability.*—Cities are liable to anyone lawfully using their streets for injuries caused by defects or obstructions therein.  p. 641.

7. MUNICIPAL CORPORATIONS.—*Defective Streets.—Notice.—Actual.* —*Constructive.*—Notice to a street commissioner charged with the duty of keeping streets in repair of a defect in a street constitutes notice to the city; and the existence of such defect for two months constitutes constructive notice thereof to such city.  p. 642.

8. MUNICIPAL CORPORATIONS.—*Defective Streets.—Firemen.—Contributory Negligence.*—A fireman in driving rapidly over a street to reach a fire is not guilty of contributory negligence for failing to see a projecting stone in the street or a "chuck hole" therein, nor in failing to strap himself to the seat while making the drive.  p. 642.

9. APPEAL.—*Briefs.—Omission of Questioned Instructions.*—Appellant's failure in its brief to set out the questioned instructions waives any question thereon.  p. 643.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by Sylvester W. Chester against the City of Valparaiso. From a judgment for his administratrix, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*H. H. Loring* and *E. W. Agar,* for appellant.

*D. E. Kelly,* for appellee.

JORDAN, J.—The facts in this case show that Sylvester W. Chester was connected with a fire company in the service of the city of Valparaiso, Porter county, Indiana; that he was employed as a driver of a fire wagon, and that it was his duty, when a fire signal was given, to drive this wagon, which contained chemicals, hose and other means used in subduing fires; that this fire wagon weighed about forty-five hundred pounds, and was drawn by two spirited horses; that it was

the duty of said Chester, when making a run to a fire, to drive these horses rapidly over the streets of said city until the fire was reached; that on June 14, 1905, Franklin street, a public street of said city, was out of repair in this respect: in the roadway of said street a flagstone projected eight inches above the surface of the street, and immediately at the side of this projection there was what is termed a "chuck hole," or depression, one foot deep in the street; that for two months prior to the accident in question the city had knowledge of this condition of the street; that on May 14, 1905, while Chester was driving rapidly to a fire in the city, as his duty required him to do, the wagon collided with said obstruction, and the wheels of the wagon dropped into said depression, the wagon was partly overturned, and Chester was thrown onto and against the pavement, on account of which he was bruised about his hips, some of his ribs were broken, his spine was wrenched and injured, and he sustained other injuries, all of which rendered him a permanent cripple.

To recover for his injuries he, on September 24, 1906, commenced an action in the Porter Superior Court against the city of Valparaiso. The issues were joined between the parties and a trial was had before a jury, and on March 7, 1907, the jury returned a verdict in favor of plaintiff for $2,000. After the return of the verdict a motion for a new trial was made by defendant, but on September 15, 1907, during the pendency of this motion, plaintiff died. It is shown that after his death, Nancy C. Chester was appointed administratrix of his estate, and on September 25, 1907, upon her application as such administratrix, she was substituted as plaintiff in the action. Thereupon she moved that the court render judgment *nunc pro tunc* in her favor as administratrix as of the date of March 7, 1907, the day on which the verdict was returned. The defendant moved to dismiss the action on account of the death of plaintiff, claiming that by his death the action abated, and that

there could be no judgment rendered on the verdict. The court sustained the motion of the administratrix, and rendered judgment *nunc pro tunc* on the verdict as of the date on which it was returned into court. Appellant contends that as the action was in tort, arising out of the personal injuries on account of the alleged negligence of defendant, it must be held to have died with the person, and inasmuch as the plaintiff died after the return of the verdict, but before the motion for a new trial had been ruled upon, or judgment rendered upon the verdict, the action consequently abated, as declared by §283 Burns 1908, §282 R. S. 1881.

This point is decided adversely to appellant's contention in the case of *Hilker* v. *Kelley* (1892), 130 Ind. 356, and authorities cited. In *Kelley* v. *Riley* (1871), 106 Mass. 339, the court said: "As a matter of practice, at common law, as well as under the provisions of the Gen. Stat. c. 133, §7, and c. 115, §14, judgment will be entered on the verdict on motion, as of a preceding day or term of the court, whenever an action, continued or postponed for the purpose of obtaining a disposition thereof, which may relieve a dissatisfied party from a verdict, would otherwise fail by the death of a party to it. So if the death occur after verdict, delay during the time taken for the argument of law questions upon which the validity of it depends, or for advisement thereon, will not be suffered to deprive one of the benefits to which he appears to have been justly entitled under it. *Inhabitants of Springfield* v. *Inhabitants of Worcester* [1848], 2 Cush. 52; *Currier* v. *Inhabitants of Lowell* [1834], 16 Pick. 170.''

A motion for a new trial in a cause may be made either before or after the rendition of the judgment on the verdict or finding of the court. Therefore, the delay in rendering the judgment in this case, after the return of

2.

the verdict, must be attributed to the court. It is a well-settled rule, however, that a delay that is the act of the court is never permitted to operate to the prejudice or harm of a party in a cause.

After disposing of the question raised in regard to the abatement of the action, we now pass to a consideration of other points in the case. It is first contended by counsel for appellant that, under the facts alleged in the amended complaint, no actionable negligence on the part of appellant is shown, and, that therefore, the court erred in overruling the demurrer to the complaint. Appellant, however, is not entitled to have this point reviewed or considered, for the reason that it has not complied with the requirements of subdivision five rule twenty-two of this court, by setting out in its brief the amended complaint either in full or in substance, so that the error of which it complains may be presented or shown by its brief. This proposition is so well settled by the decisions of this court that a reference thereto is needless.

It is next insisted that the evidence does not sustain the verdict. Under this head, counsel for appellant contend that Sylvester W. Chester, on becoming the driver of the fire wagon, assumed the risk incident to the defective streets of the city. This contention is not supported by the authorities. Plaintiff, in his pleading, after charging notice to appellant city for a period of over two months prior to the accident of the defective condition of said street, alleged that the city had neglected to remove said obstruction and to repair said street; that it negligently allowed said flagstone to be and remain in the street, and to project above the surface thereof, and permitted the said "chuck hole" to be and remain in the condition alleged in the complaint.

In the case of *Turner* v. *City of Indianapolis* (1884), 96 Ind. 51, the plaintiff was employed in the fire department of the city of Indianapolis, and under his employment it became his duty to drive, as fast as possible, the chief engineer of that department to all fires in said city. On a certain occasion mentioned, while engaged in the line of his duty in driving the chief engineer to a fire, and while driving at a

rapid rate, as was necessary and proper for him to do, he drove the wagon against a large rock that the city had negligently suffered and permitted to be and remain in and upon the roadway of a certain public street, and thereby he was injured. In that case this court held that he was entitled to recover, and further affirmed that he as a fireman, in assuming his duties as such, did not take upon himself any risk arising out of negligence on the part of the city authorities in charge of its public streets. In fact that case, in harmony with other authorities, holds that a fireman in discharging his duties as such does not assume any risk arising out of the negligence of the city in allowing defects or obstructions in its public streets. *Palmer* v. *City of Portsmouth* (1861), 43 N. H. 265. See, also, the authorities collected in the note to *Elam* v. *City of Mt. Sterling* (1909), 20 L. R. A. (N. S.) 512.

While a fireman in the employ of a city is not its servant in the sense of one serving a private corporation, and is not one in which the maxim *respondeat superior* is made
5. applicable or can be invoked for his acts (4 Dillon, Mun. Corp. [5th ed.] §1660), nevertheless, the city is required to keep and maintain its public streets in a reasonably safe condition for the use of its firemen in the discharge of their duties in like manner as it is required to do for the use of other travelers or persons. The term "traveler," as used to designate persons for whose use and benefit highways or streets must be kept in a proper condition, has no technical, legal signification; and, under proper instructions, it is for the jury to say whether a person receiving an injury was traveling upon the highway or street within the meaning of the law. *Hardy* v. *Keene* (1872), 52 N. H. 370.

The general rule, supported by the authorities, is that the duty devolving upon a city or town to keep its streets
6. in repair is not limited alone to repair for travelers, but they are to be kept in repair for all the purposes

to which they may be lawfully devoted. *City of Chicago v. Keefe* (1885), 114 Ill. 222, 2 N. E. 267, 55 Am. Rep. 860.

In the case under consideration the evidence shows that the street commissioner, who was in charge of the repairs of the streets of the city of Valparaiso, had been informed some time before the accident of the condition of said street. In fact, it appears from the evidence that its defective condition had existed for over two months prior to the time of the injury; certainly, sufficiently long enough for the city, in the exercise of ordinary diligence, to discover its condition and to repair the defects therein.

In cases like the one at bar, constructive notice is held to be imputable to a municipal corporation, where such corporation, by the exercise of ordinary diligence, could have discovered the defect in a public street in time to make the necessary repairs before the injury happens, and such notice may be inferred by a jury or court trying the cause from the circumstances in the case. *Klein v. Dallas* (1888), 71 Tex. 280, 8 S. W. 90; *Poole v. Jackson* (1893), 93 Tenn. 62, 23 S. W. 57; authorities collected in note to *Elam v. City of Mt. Sterling* (1909), 20 L. R. A. (N. S.) 512, 705-707.

In this case we think the jury was warranted in finding that appellant had notice of the defect of which the plaintiff complained, for a time sufficient to have repaired it before the accident.

Appellant advances the claim that the decedent was guilty of contributory negligence; that if he had looked he could have seen the defects in the street, but, as shown, his duty, upon the giving of an alarm of fire, was to drive to the scene of the fire as rapidly as possible. He was not required to stop and examine the streets over which he drove, in order to ascertain if they were out of repair or unsafe. He had a right to assume that the city had discharged its duty in keeping its streets in a reasonably safe condition. It appears that the fire wagon that Chester drove was furnished with straps, with which the driver might strap

himself to the seat of the wagon. It is insisted that his failure to do so on the occasion in question was an act of negligence on his part which contributed to his injury. There is no merit in this contention. It was shown by witnesses at the trial that it would have been dangerous for the driver of this wagon to strap himself to the seat, because the wagon, while being driven to a fire, might be overturned.

Counsel for appellant criticise certain instructions given by the court to the jury, and complain of the ruling of the court in refusing certain ones tendered. Neither the instructions given, of which complaint is made, nor those refused, are set out in appellant's brief, as required by rule twenty-two of this court, and, therefore, appellant's contention in regard thereto must be dismissed without consideration.

We have read the evidence, and find that it fully supports the verdict. We find no available error in the record. The judgment below is affirmed.