C. T. ROANE AND F. L. SILER v. JULIUS McCOY AND M. M. McCOY.

(Filed 21 December, 1921.)

**1. Evidence—Surveys—Maps.**

Where the plaintiffs and defendants claim title to the same lands by prior and junior grants from the State, respectively, the latter under color, and the ownership of the *locus in quo* depends upon the lappage of the plaintiffs' lands upon that of the defendant, it is competent for one who has surveyed a part of the lands to locate on his map the remaining part from a map that had been since made by another, properly in evidence, as illustrating his own survey, and to testify that the defendants, taking the other evidence as true, had cut timber from the plaintiff's land if the map made by the second survey was correct as to certain lines marked as boundaries.

**2. Evidence—Grants—Maps.**

Where the plaintiff claims title to the *locus in quo* under a grant from the State, testimony of a witness upon the question as to whether he knew the location of the grant was properly excluded when the grant had not been introduced in evidence.

**3. Appeal and Error—Harmless Error—Evidence—Subsequent Admissions of Evidence.**

Excluded evidence afterwards admitted on the trial is not reversible error, and evidence relating to the rights of an interpleader and the defendant between themselves becomes immaterial when the verdict is rendered in the plaintiff's favor.

**4. Instructions—Deeds and Conveyances—Adverse Possession—Color—Boundaries—State Grants.**

Where the title to the *locus in quo* is dependent upon the allegation in the answer that the lands under the plaintiff's grant from the State overlapped the land claimed by adverse possession under color, and this is the only disputed fact, an instruction to the jury that defendant's possession, outside of the plaintiffs' boundaries, would not be extended to defeat the latter's title, and putting the burden on the plaintiff to show his title, and on the defendant to show the lappage upon his own land, is not reversible error.

APPEAL by defendant from *Long, J.,* at the Spring Term, 1921, of MACON.

Civil action to recover damages for trespass on land.

Plaintiffs claimed title under a grant from the State to themselves, No. 16,105, dated 31 December, 1903, and registered 27 January, 1904.

The defendants alleged that on 20 May, 1864, the State issued grant No. 2,924 to H. H. P. McCoy; that in 1875, or prior thereto, H. H. P. McCoy sold the land described in this grant to D. McDowell McCoy, his brother, and executed a deed in fee, which had been lost; that H. H. P. McCoy had delivered to D. McDowell McCoy grant No. 2,924, after making the following endorsement, which was signed also by his wife: "I, H. P. McCoy, do assign the within land to D. McDowell McCoy to have and to hold forever. This 14 January, 1875"; that D. McDowell McCoy had died intestate without issue, and his real estate had descended to his brothers, who had agreed to a verbal division of the land; that grant No. 2,924 had been allotted to J. J. W. McCoy, and that he had entered into possession; that thereafter, on or about 3 April, 1895, deeds had been mutually executed by J. J. W. McCoy and W. L. McCoy, by which J. J. W. McCoy had conveyed all his interest in the estate of D. McDowell McCoy east of a certain described line, and W. L. McCoy had conveyed to J. J. W. McCoy all the land described in grant No. 2,924, which lies to the west of the line referred to; that J. J. W. McCoy had conveyed this land to the defendant M. M. McCoy, and that said McCoy has been in the adverse possession under color and title more than twenty-one years.

The heirs at law of H. H. P. McCoy had previously been allowed to interplead and file a complaint alleging that they were the owners of the land in grant No. 2,924.

ROANE *v.* McCOY.

There seems to have been no serious controversy as to the location of grant No. 16,105; but the interpleaders and the defendants, claiming respectively to be the owners of the land in grant No. 2,924, contended that the junior grant lapped upon or was embraced in the senior grant. The controversy turned upon the location of grant No. 2,924; for if this grant and grant No. 16,105 did not interfere, there was no ground for denying that the plaintiffs were the owners of the land described in their grant. The interpleaders alleged that neither the plaintiffs nor defendants had title, and alleged that the interpleaders were the sole owners.

The issues and the answers were as follows:

"1. Are the plaintiffs, Siler and Roane, the owners of the lands described in the complaint, and within the red lines on the map, designated by the red letters and lines from red A to B, C, D, E, F, G, and back to red A? Answer: 'Yes.'

"2. Have the defendants, Mrs. M. M. McCoy and Julius McCoy, unlawfully trespassed upon the lands referred to in the first issue, as alleged in the complaint? A. 'Yes.'

"3. If the defendants have so wrongfully trespassed, what damages, if any, are the plaintiffs entitled to recover of the defendants, Mrs. M. M. McCoy and Julius McCoy? A. '$10.'

"4. Is the defendant Mrs. M. M. McCoy the owner of the lands embraced under State grant 2,924? Answer: ............

"5. Does State grant No. 2,924, under which Mrs. M. M. McCoy and the heirs at law of H. H. P. McCoy claim, include any portion of the lands included in grant 16,105; and if so, what portion thereof as represented on the map? Answer: ............

"6. Are the defendants, the heirs at law of H. H. P. McCoy, the owners of the lands embraced under State grant No. 2,924, as alleged by them in their interplea? Answer: ............

"7. What damages, if any, is Mrs. M. M. McCoy entitled to recover of the plaintiffs? Answer: ............"

Judgment was entered for the plaintiffs, and the defendants appealed.

*T. J. Johnston and R. D. Sisk for plaintiffs.*
*Henry G. Robertson for appellants.*

ADAMS, J. The first five exceptions must be overruled. John H. Dalton, a witness for the plaintiff, testified that he had surveyed all the lines of the grant under which the plaintiffs claimed title, except the last three; that he had prepared the plat; that the last three lines followed the courses and distances called for; and that the red lines represented the land embraced in the grant issued to the plaintiffs. The witness was

then permitted to testify, over the defendants' objection, that the line from E to F "will run north of some cut timber." A. T. Siler, a witness for plaintiffs, testified that he surveyed the boundaries of the plaintiffs' grant in 1893 and in 1894; that he had a record of his surveys, showing that his plat corresponded with Dalton's; that he could indicate on Dalton's map the survey he had made; and that he had found an oak at one of the corners. To all this evidence the defendants excepted.

The former witness described the lines he had actually surveyed and the others, which he said indicated the last three calls in the grant, and testified in effect that if these lines represented the true location of the grant, timber had been cut inside the boundaries; and the examination of the latter witness was so carefully limited by the court that it could have been understood only as illustrating the testimony of the witness as to the surveys he had previously made.

The plaintiffs called as a witness Julius McCoy, one of the defendants, to prove the alleged trespass. On cross-examination counsel for the defendants asked the witness if he knew the location of the grant under which the defendants claimed title. The grant had not then been offered in evidence, and the answer was properly excluded. His Honor, however, explicitly stated that the witness might be examined as to the location, in case the grant should afterwards be introduced by the defendants.

The excluded evidence, which is the subject of the ninth exception, was afterwards admitted; and exceptions eight, ten, eleven, twelve, and seventeen were relevant only to the controversy between the interpleaders and the defendants, and upon return of the verdict for the plaintiffs became immaterial.

His Honor instructed the jury that unless the defendants and the interpleaders had shown by the greater weight of the evidence that the lines of the plaintiffs' grant lapped upon the grant under which the defendants claimed, the possession of the defendants or interpleaders, or of those under whom they claimed, outside the boundaries of the plaintiffs' grant would not be extended so as to defeat or affect the title of the plaintiffs. The instruction must be considered as a part of the entire charge, and in connection with the admissions in the pleadings. His Honor had previously told the jury that upon the plaintiffs rested the burden of establishing their title by the greater weight of the evidence. In their answer the defendants did not expressly deny the plaintiffs' title, but only denied that the plaintiffs were the owners of such part of grant No. 16,105 as may lap upon grant No. 2,924. It will be observed that the defendants attempted to defeat the plaintiffs' recovery by showing an interference of the two grants. Under these circumstances the charge of his Honor as to the burden of proof and as to possession under grant No. 2,924 is free from error; and the instruction as

Ferguson v. Fibre Co.

to the measure of damages is a substantial compliance with the rule stated in *Whitfield v. Lumber Co.*, 152 N. C., 214.

The remaining exceptions have received full consideration, and must be disallowed. The controversy between the parties was reduced almost entirely to questions of fact pertaining to the location of the grant under which the defendants claimed, and the jury adopted the contentions of the plaintiff. We find in the record no sufficient cause for disturbing the verdict or the judgment.