WALTER SOUTHERN v. ESSIE L. FREEMAN AND JOHN FREEMAN.

(Filed 6 January, 1937.)

1. **Boundaries § 9—**

   In this proceeding to establish a boundary line between the lands of the parties, testimony of a surveyor as to a line previously run by him in the presence of the parties *is held* competent.

2. **Trial § 21—**

   An exception to the question only cannot be sustained when the answer is responsive to the purpose rather than to the form of the inquiry.

**3. Courts § 2c—**

    A contention that the clerk was without jurisdiction in that the pleadings raised issues of fact which should have been transferred to the civil issue docket, and that therefore the Superior Court acquired no jurisdiction by appeal, is untenable, since the jurisdiction of the Superior Court on appeals from the clerk is not derivative.

APPEAL by plaintiff from *Warlick, J.,* at June Term, 1936, of FORSYTH. No error.

Proceeding to establish a boundary line between lands of plaintiff and defendants. Defendants pleaded adverse possession up to the line claimed by them. The matter was heard by the clerk of the Superior Court and judgment rendered for plaintiff, from which defendants appealed to the Superior Court. The trial in the Superior Court at term, upon issues submitted to the jury, resulted in verdict determining the true boundary line to be that claimed by defendants.

The judgment on the verdict described the true dividing line as "beginning at a stone—designated on map as point 'B,' and running eastwardly to a stake near an ash tree on bank of old run of Belew's Creek, point 'G.' "

Plaintiff appealed to this Court.

*William Graves and Wm. H. Boyer for plaintiff.*
*Jno. C. Wallace and Harvey A. Lupton for defendants.*

PER CURIAM. Plaintiff, appellant, assigns as error the overruling of his objection to the following question propounded to the witness F. O. Jones (a surveyor) : "Q. I will ask you this question: Relating to the ash and the stone that you found, and on their agreement, what would you say as to the correct line that was pointed out to you then in 1934? A. Well, it looked like it was practically the line. In consequence of what they pointed out, I made markings all the way along the line from the point where I started, and they are there now. I found no other marks or markings anywhere except those, and there is none there now."

The witness had previously testified that in 1934, at the instance of plaintiff and in the presence of defendants, he had run the division line, which was pointed out by them, and had marked the same, beginning at a stone and running to a stake on the old run of the creek near an ash tree. It is obvious that the evidence elicited had reference to the identification of the line which the witness had previously surveyed.

Besides, the exception was to the question only. The answer, responsive to the purpose rather than the form of the inquiry, affords no just ground of complaint. *Luttrell v. Hardin,* 193 N. C., 266; *Martin v. Knitting Co.,* 189 N. C., 644; *Gilland v. Stone Co.,* 189 N. C., 786.

Appellant's contention that, since the defendants' answer raised issues which the clerk should have transferred to the civil issue docket instead of trying, the appeal from the clerk did not confer jurisdiction on the Superior Court, cannot be sustained.

The jurisdiction of the Superior Court on appeal from the clerk is not derivative. The case is still in the same court. McIntosh Prac. & Proc., 63; *Windsor v. McVay,* 206 N. C., 730.