J. F. METCALF ET AL. v. M. L. RATCLIFF ET AL.

(Filed 8 March, 1939.)

**Limitation of Actions § 18—Where one cause alleged is not barred by statute of limitations, nonsuit on ground of bar of statute is error.**

The present actions, consolidated for trial, were instituted to revive and establish the balances due on certain judgments and to subject certain lands to their payments. Defendant pleaded the ten and three-year statutes of limitations. *Held:* The granting of the judgment as of nonsuit on the plea of the bar of the statutes is error, since the first cause of action was not barred, and it is not necessary on the appeal to determine whether the bar of the statute applied to other aspects of the action.

APPEAL by plaintiffs from *Johnston, J.,* at October Term, 1938, of BUNCOMBE.

Civil actions to revive and to establish balances due on judgments and to subject certain lands to their payments.

At the July Term, 1928, Buncombe Superior Court, the plaintiffs, J. F. Metcalf and wife, Georgia Metcalf, obtained a judgment against the defendant, M. L. Ratcliff and her husband, J. F. Ratcliff, for the sum of $245.58 plus interest and costs.

At the same term of court, the plaintiffs, J. E. Metcalf and wife, Vera May Metcalf, obtained a judgment against the same defendants for the same amount plus interest and costs.

Both judgments were duly recorded in the office of the clerk of the Superior Court of Buncombe County.

Two credits of $25.00 and $21.50 have been made on each of the judgments.

The present actions, consolidated for trial, were instituted 15 June, 1938, to revive and to establish the balances due on said judgments and to subject certain lands to their payments.

The defendants pleaded the ten and three-years statutes of limitations.

From judgment of nonsuit entered at the close of plaintiffs' evidence, they appeal, assigning errors.

*Don C. Young for plaintiffs, appellants.*
*E. L. Loflin for defendants, appellees.*

STACY, C. J. The trial court evidently overlooked the fact that in each case the plaintiffs are seeking to revive and to have the balance due on their judgment fixed and established as well as to subject certain lands to its payment. Whether the complaints, to the extent that they may be regarded as bills of discovery, *Jackson v. Thompson,* 214 N. C., 539, were properly dismissed, need not now be determined, as it is necessary to reverse the nonsuit on the first ground. Perhaps upon a further hearing, the facts will be more fully developed.

Reversed.