J. F. METCALF AND WIFE, GEORGIA METCALF, v. M. L. RATCLIFF, RUBY WARREN, MURRAY I. RATCLIFF AND D. W. McGEE, TRUSTEE,

and

J. E. METCALF AND WIFE, VERA MAY METCALF, v. M. L. RATCLIFF, RUBY WARREN, MURRAY I. RATCLIFF AND D. W. McGEE, TRUSTEE.

(Filed 27 September, 1939.)

**1. Appeal and Error § 29—**

An assignment of error not brought forward in appellants' brief is deemed abandoned.

**2. Evidence § 37—**

Plaintiffs tendered parol evidence of the execution and delivery of a deed to defendants, and upon defendants' objection to the evidence, demanded that defendants produce the deed. Defendants remained silent and did not deny possession nor assert their inability to produce the instrument. *Held:* Defendants' objection to the testimony on the ground that they were given insufficient notice to produce the deed is untenable.

**3. Appeal and Error § 39d—**

An objection to the admission of testimony is immaterial where the same evidence is later admitted without objection.

**4. Execution § 29—**

In this action to subject lands to the satisfaction of plaintiffs' judgment, plaintiffs alleged that defendant judgment debtor was the real owner of lands although record title thereto was in another, plaintiffs claiming that the record owner held title as trustee for the benefit of the judgment debtor. *Held:* Evidence that one of defendants was in possession and claimed some interest in the lands is insufficient to overrule his motion for judgment as of nonsuit.

**5. Same: Bills and Notes §§ 8, 10f: Judgments § 17b—Evidence of possession of unendorsed notes held insufficient to support issue of possessor's title.**

This action was instituted to subject certain lands to the payment of a judgment upon allegations that defendant judgment debtor was the real owner thereof. It appeared that the judgment debtor conveyed the lands subject to a purchase money deed of trust, that the purchasers were

unable to pay and that the judgment debtor took a reconveyance, that thereafter the son of the judgment debtor in an *ex parte* proceeding had a substitute trustee appointed upon his affidavit that he was the owner of the purchase money notes. Pending the action, the trustee foreclosed and the land was conveyed to the son as purchaser at the sale. A witness for defendants testified that she saw the purchase money notes in defendant son's possession. It appeared that the payees had not endorsed the notes. The jury found that defendant son held title as trustee for the benefit of defendant judgment debtor and that she was the owner of the lands. *Held:* Although the pleadings raised the issue of the ownership of the notes by defendant son, the evidence is insufficient to support the submission of such issue, since it merely tends to show possession of the unendorsed notes by the son without evidence as to whether possession was by transfer or for collection or presentment, etc., and the record evidence, while competent to establish the appointment of a substitute trustee, does not support the *ex parte* declaration of ownership, and furthermore the finding of the jury amounted to establishing the discharge of the purchase money notes by the reconveyance with which defendant son was chargeable as a holder without endorsement; and *held further*, while the provision of the judgment that the foreclosure deed should be canceled may be erroneous as not supported by an issue, the verdict in the light of the charge established that the purchase money deed of trust was canceled by the reconveyance and defendant son being a party, had knowledge at the time of his purchase at the foreclosure sale, and therefore the parties are not prejudiced by the cancellation of the foreclosure deed.

APPEAL by defendants from *Pless, Jr., J.,* at May Term, 1939, of BUNCOMBE. No error.

Civil actions to revive and establish balances due on judgments and to subject certain lands to their payment.

During the progress of the trial the parties agreed as to the amounts due on the two judgments, the facts in relation to which are stated in *Metcalf v. Ratcliff,* 215 N. C., 243.

The complaint contains allegations that the judgment debtors conveyed certain property to the defendant Ruby Warren, without consideration and with intent to defeat the rights of the plaintiffs as creditors. At the conclusion of the evidence judgment of nonsuit, as to the defendant Ruby Warren, was entered.

The complaint also alleged that the defendant, M. L. Ratcliff, is the owner of a 71-acre tract of land in Leicester Township, Buncombe County, and that the deed conveying same to her is not of record. The plaintiffs seek to subject this land to the payment of the judgments. The two causes were consolidated for trial to determine the issues of fact arising on these allegations and the counter-allegations in the answer.

On 20 June, 1927, M. L. Ratcliff and husband conveyed 71 acres of land in Leicester Township, Buncombe County, to James Morris Brown and wife, Iowa Rachel Brown, and received in part payment therefor

notes secured by a purchase money deed of trust. The purchasers, being unable to pay the purchase money notes, reconveyed the property to M. L. Ratcliff and husband in February, 1931, in consideration of the cancellation of the purchase money debt.

In October, 1938, the defendant, M. I. Ratcliff, a son of the defendant M. L. Ratcliff, and a party to this suit, while the suit was pending, filed an *ex parte* application with the clerk of the Superior Court of Buncombe County for the appointment of a substitute trustee in the original purchase money trust deed, asserting in his affidavit that he is the owner of the purchase money notes. A substitute trustee was appointed and foreclosure was had. At the foreclosure sale M. I. Ratcliff and wife became the last and highest bidders and have received a deed from the substitute trustee for the *locus in quo.*

Issues were submitted to and answered by the jury as follows:

"1. Does the defendant, Murray I. Ratcliff, hold the title of the 71-acre tract of land described in Deed Book 376 at page 423 and Deed Book 513 at page 499 as registered in the office of the Register of Deeds for Buncombe County, as Trustee for his co-defendant, Mrs. M. L. Ratcliff? Answer: 'Yes.'

"2. Is the defendant, M. L. Ratcliff, the owner of and in possession of the 71 acres of land described in plaintiffs' complaint, as alleged in the complaint? Answer: 'Yes.'

"3. What credits, if any, is the defendant, Mrs. M. L. Ratcliff, entitled to have on the judgment of J. E. Metcalf and upon her counter-claim? Answer: 'Nothing.' "

Upon the coming in of the verdict the court rendered judgment in favor of J. F. Metcalf and wife, Georgia Metcalf, and against M. L. Ratcliff in the amount agreed to be due said plaintiffs on the judgments sued upon, and likewise rendered judgment in favor of J. E. Metcalf and wife against M. L. Ratcliff in the sum agreed to be due upon the judgment held by said plaintiffs. The court further adjudged that the defendant, M. L. Ratcliff, is the owner of the 71-acre tract of land described in the complaint; that the purchase money deed of trust has been fully satisfied and shall be canceled of record; that the trustee's deed to M. I. Ratcliff and wife be set aside and canceled, and that the judgment of the court should operate as a conveyance of the 71-acre tract of land to the defendant M. L. Ratcliff.

The defendants, M. L. Ratcliff and Murray I. Ratcliff, excepted and appealed.

*E. L. Loftin for appellants.*
*Don C. Young for appellees.*

BARNHILL, J. Defendants do not bring forward in their brief assignment of error No. 1 and the same is deemed to be abandoned.

Assignments of error numbered 2 and 3 are untenable. When the plaintiffs undertook to offer evidence of the execution and delivery of the alleged deed from the Browns to M. L. Ratcliff and husband and to show that the same conveyed the 71-acre tract of land the defendants objected. The court thereupon asked plaintiffs' counsel whether he had made any demand for the production of the deed. The plaintiffs' counsel then demanded its production. No response was made to the demand. The defendants did not deny the possession thereof or assert their inability to produce it. They now contend, however, that the oral testimony should not have been admitted for the reason that they were given insufficient notice to produce the deed. The record does not disclose that any such contention was made at the time the objection was entered. The ruling of the court in this respect cannot be held for error.

The evidence, which is the subject matter of assignment No. 4, to the effect that Don C. Young was the writer of the letter to which the witness referred was later admitted without objection. Furthermore, the answer of the defendants sets out that Don C. Young was employed to obtain the deed from the Browns. This assignment is without merit.

Assignments numbered 5 and 6 are directed to the refusal of the court to enter judgment of nonsuit as to the defendant Murray I. Ratcliff. There is evidence tending to show that this defendant was in possession of the property and is claiming some interest therein. This evidence presented a question for a jury which defeated the motion of nonsuit.

At the conclusion of all the evidence the defendants tendered an issue as to the ownership by Murray I. Ratcliff of the purchase money notes, and excepted to the refusal of the court to submit the same. This issue was raised by the pleadings. The only evidence tending to support the same was the testimony of Ruby Warren, sister of the defendant, who said: "I saw these notes in the possession of Murray Ratcliff before my father's death on February 15, 1931." She did not undertake to testify under what conditions or circumstances he had possession. Did her father give the notes to the defendant to inspect, or to aid in the collection thereof, or to present to the makers, or to place in a position of safety? She does not undertake to say. The notes were not endorsed and it does not appear that the defendant, Murray I. Ratcliff, is the one who produced the notes at the hearing. Nor is there evidence that any consideration was paid therefor or that he was in possession before or after the execution of the reconveyance by the mortgagors. If it be conceded that her statement constitutes more than a scintilla of evidence, the answers to the first and second issues submitted were, of necessity, predicated upon a finding that these notes were owned by the original

payees and were discharged by the reconveyance. Furthermore, if this defendant held the notes they had not been endorsed by the original payees. He possessed them subject to any equity of the payors as against the payees. Satisfaction of the notes by the reconveyance was as binding upon him as upon the original payees.

While the record of the application and appointment of a substitute trustee may have been properly admitted as evidence as such, it was not evidence as to the *ex parte* statements of M. I. Ratcliff contained therein that he owned the purchase money notes. Even if it be conceded that the evidence of Ruby Warren was competent upon the issue tendered, and it was sufficient to take the case to the jury thereon, under the circumstances of this case, error in the refusal to submit the same is not of sufficient merit to justify a retrial.

The defendants excepted to the judgment for that it decrees the cancellation of the foreclosure deed to M. I. Ratcliff and wife when no issue in respect thereto was raised by the pleadings. Perhaps the judge below overstepped his jurisdiction by inserting this provision in the judgment. However, the defendant, Murray I. Ratcliff, is a party defendant in this action. The jury has found that the defendant, M. L. Ratcliff, is the owner of the property. The answers to the issues submitted, when viewed in the light of the charge, constitute a finding that the deed from the mortgagors to M. L. Ratcliff and husband was executed and delivered in satisfaction of the purchase money notes, and that the said M. L. Ratcliff and husband were, at that time, the owners of the notes. The evidence of the plaintiff in respect thereto includes testimony that from and after the execution of said deed by the mortgagors, M. L. Ratcliff was in possession, claiming the property as her own. She leased it to various tenants; she listed it for taxation and she made affidavit that it was her property. Likewise, she testified in a court proceeding that she owned the same. The defendant, M. I. Ratcliff, offers no evidence of ownership by him except the *ex parte* proceedings for the appointment of a substitute trustee and the deed in foreclosure. From the findings of the jury it appears that at the time of said alleged foreclosure the notes secured by the trust deed had been fully paid and discharged by the reconveyance of the mortgaged property. Under these circumstances the foreclosure was a nullity and this defendant cannot claim to be a purchaser for value without notice. Being a party to this suit he had full knowledge at the time of said foreclosure of the contentions of the plaintiffs that the notes were discharged. Therefore, the findings of the jury establish the fact that the foreclosure deed is ineffective to convey title to the property. It cannot materially affect the rights of the defendants to have the judgment to so declare.

We have carefully examined the assignments of error predicated upon exceptions to portions of the charge of the court. Some of these are directed to designated statements as to the contentions of the parties. None of them are of sufficient merit to justify a new trial.

Simply stated, the defendant, M. I. Ratcliff, is the judgment debtor in the two judgments held by the plaintiffs. She owns 71 acres of land and has been in possession thereof, claiming it as her own, since the execution of the deed of reconveyance from the mortgagors. There is no record evidence of her present ownership. The judgment establishes the fact that this land is hers and is subject to execution for the payment of her just debts.

In the trial below we find

No error.