C. W. POOLE AND WIFE, SARILDA POOLE. v. BEN GENTRY AND WIFE, PEARL GENTRY.

(Filed 29 September, 1948.)

**1. Trial § 55—**

Where the parties consent to trial by the court without a jury, G. S., 1-184, the findings of the court are as conclusive as a verdict of the jury if supported by competent evidence.

**2. Appeal and Error § 6c (3)—**

Where evidence is admitted without objection, exceptions to the findings of the court on the ground that they were based upon incompetent evidence are untenable.

**3. Appeal and Error § 39e—**

Exceptions to the exclusion of testimony will not be considered on appeal where the record fails to disclose what the witnesses would have testified had they been permitted to answer the questions.

POOLE *v.* GENTRY.

**4. Trial § 16½—**

Exceptions to the exclusion of competent testimony become immaterial when it appears that the court subsequently revised his rulings and admitted the testimony.

**5. Boundaries § 5b—**

A person present at the survey of lands for partition and who saw the commissioners mark natural monuments called for in their report and in the deeds for partition, is competent to testify as to the location of the natural monuments and that he saw defendants' surveyor run the line to such monuments.

**6. Same—**

It is competent for a surveyor to testify that certain persons, who were present at the time of the original survey for partition and who testified at the trial as to the location of the monuments, pointed out to him a natural monument called for as a corner in the report of the commissioners and the muniments of title.

**7. Boundaries § 3c—**

Where a natural monument has disappeared, it is competent for the surveyor to testify that he located the corner by reversing the line from another corner.

**8. Boundaries § 5e—**

A map prepared by a surveyor, who, together with another surveyor who had made an independent survey, vouches for its accuracy, is competent for the purpose of explaining their testimony with respect to their surveys of the *locus.*

APPEAL by plaintiffs from *Sink, J.,* at the March Term, 1948, of the Superior Court of MADISON County.

The plaintiffs, C. W. Poole and wife, Sarilda Poole, sued the defendants, Ben Gentry and wife, Pearl Gentry, to recover certain land and damages for its alleged wrongful detention. The plaintiffs and the defendants made conflicting claims to title and right to possession of the property in controversy through a common source, to wit, Gilliard Tweed, who died testate while seized in fee of a large tract of land lying north of Shelton Laurel Creek in Madison County and embracing the *locus in quo.*

Subsequent to the death of Gilliard Tweed, namely, in 1929, his land was partitioned among his devisees in a special proceeding in conformity with article 1 of chapter 46 of the General Statutes. Tract No. 3 was allotted to Ethel Tweed and was described as beginning on a hemlock near the north bank of Shelton Laurel Creek and running thence "north 7 degrees east 60 poles to a stake in east line; then with said line 33 poles more or less to Tract No. 2; thence south 32 degrees west 69 poles to a white oak; thence west with creek 6 poles to the beginning." Tract

No. 4 was allotted to Love Tweed under this description: "Beginning on a red oak at bank of Shelton Laurel Creek (and runs) thence north 7 degrees east 62 poles to east line; thence with said line south 86 degrees east 14 poles more or less to corner of Tract No. 3; thence south 7 degrees west 60 poles to a hemlock, corner of Tract No. 3; thence west with the creek 11 poles to the beginning." It thus appears that the western boundary of Tract No. 3, which was described in its first call, and the eastern boundary of Tract No. 4, which was defined in its third call, were identical.

On December 30, 1930, Ethel Tweed deeded the southern part of Tract No. 3 to Ella Franklin, and on June 21, 1944, Ella Franklin, with the joinder of her husband, A. J. Franklin, conveyed such portion of Tract No. 3 to the defendants. On December 17, 1936, Love Tweed transferred Tract No. 4 in its entirety to the plaintiffs.

By consent of the parties entered in the minutes, the action was tried by Judge Sink without a jury under G. S., 1-184. The defendants presented virtually uncontradicted testimony indicating that they and their grantors, A. J. Franklin and Ella Franklin, had resided upon and cultivated the *locus in quo* during the fourteen years next preceding the issuance of the summons.

The plaintiffs bottomed their case upon the theory that the property in dispute lay inside Tract No. 4 owned by them, and the defendants based their claim upon the proposition that such property was situated within the portion of Tract No. 3 belonging to them. Hence, the decision was properly made to hinge upon the determinative question as to the location of the *locus in quo*. The plaintiffs and the defendants produced diametrically conflicting evidence in support of their respective contentions as to the location of the real property in controversy. After hearing such testimony and the argument of counsel for the parties, Judge Sink found as facts that the *locus in quo* lay within the portion of Tract No. 3 owned by the defendants and concluded that it belonged to the defendants and entered judgment accordingly. From this judgment, the plaintiffs appealed, making twenty assignments of error.

*Calvin R. Edney and George M. Pritchard for plaintiffs, appellants.*
*Carl R. Stuart for defendants, appellees.*

ERVIN, J. Exceptions 19 and 20 challenge the validity of the findings of fact and conclusions of law of the trial judge and the judgment entered thereon upon the ground that the findings of fact were "based upon incompetent evidence and contrary to the weight of all the evidence." These exceptions are unavailing. The parties waived trial by jury to the issues of fact in compliance with the provisions of the perti-

nent statute. G. S., 1-184. This being the case, the findings of fact of the trial judge are as conclusive as the verdict of a jury if there was evidence to support them. *Eley v. R. R.*, 165 N. C., 78, 80 S. E., 1064. The record contains abundant testimony to justify the findings of fact in question, and the facts found are sufficient to sustain the judgment entered. *Fish v. Hanson*, 223 N. C., 143, 25 S. E. (2d), 461. Even if there were a foundation for the reason assigned for it, the objection that the findings of fact were "based upon incompetent evidence" comes too late. The plaintiffs permitted practically all of the evidence of the defendants to be introduced without objection. *Webb v. Rosemond*, 172 N. C., 848, 90 S. E., 306; 53 Am. Jur., Trial, section 135. Moreover, the record discloses indisputably that the testimony of the defendants supporting the findings of fact of the trial judge was competent. It came from witnesses who assisted in partitioning the lands of Gilliard Tweed among his devisees in 1929, and from surveyors who subsequently surveyed Tracts Nos. 3 and 4 on the basis of information derived from such witnesses and the muniments of title of the parties. *Southern v. Freeman*, 211 N. C., 121, 189 S. E., 190; *Roane v. McCoy*, 182 N. C., 727, 109 S. E., 842; *Becton v. Goodman*, 181 N. C., 475, 105 S. E., 875.

Exceptions 1 and 11 are addressed to rulings of the trial court sustaining objections to questions propounded to witnesses by the plaintiffs. These exceptions will not be considered here because the record does not show what evidence the witnesses would have given if they had been permitted to answer the questions. *Francis v. Francis*, 223 N. C., 401, 26 S. E. (2d), 907. Exceptions 3, 4, and 15 relate to the rejection of the testimony of the plaintiff, Sarilda Poole, concerning extra-judicial declarations of her husband, C. W. Poole, and of A. J. Franklin, the deceased husband of the defendants' predecessor in title, Ella Franklin. These exceptions are immaterial for the reason that the court subsequently corrected and revised these rulings and permitted this witness to testify to these matters. *Metcalf v. Ratcliff*, 216 N. C., 216, 4 S. E. (2d), 515.

Exceptions 5, 6 and 7 are clearly untenable. The defendants' witness, E. L. Cutshall, was present at the survey in 1929 when the land of Gilliard Tweed was partitioned among his devisees by the commissioners in the special proceeding, and saw the commissioners mark the hemlock, white oak, and red oak trees called for in their report and in the deeds of the parties as corners of Tracts Nos. 3 and 4. Hence, he was competent to testify as to these matters and as to the location of these natural monuments. Likewise, the court rightly allowed this witness to state that he was present at a survey made by the defendants' surveyor, Robert Reagan, a short time before the trial, and saw Reagan run a line from

the red oak corner to the spot where the hemlock tree stood at the time of the partition in 1929. 11 C. J. S., Boundaries, section 114.

Exceptions 8, 9 and 10 must be overruled. The evidence of the surveyor Reagan that at the time of his survey of the premises E. L. Cutshall and Sylvester Johnson pointed out to him the white oak corner called for in the report of the commissioners and in the defendants' chain of title was plainly admissible. Both Cutshall and Johnson were present at the original survey in 1929 when the white oak was marked as a corner, and testified as to its location at the trial. Indeed, Johnson was one of the commissioners in the partition proceeding. *Becton v. Goodman, supra.* The hemlock called for as a corner of Tracts Nos. 3 and 4 disappeared before the Reagan survey. Consequently, it was competent for Reagan to testify that he undertook to establish the location of this lost corner by extending the line from the white oak and by reversing the line from the red oak until they met, and that these lines intersected within one foot of the spot which the witness Cutshall had pointed out to him as the place where the hemlock had stood. In so doing, Reagan followed an approved method for relocating lost corners. 11 C. J. S., Boundaries, section 13; 8 Am. Jur., Boundaries, section 69. See, also, *Cowles v. Reavis,* 109 N. C., 417, 13 S. E., 930.

Exceptions 12, 14, and 18 relate to the reception and use of the map of Tracts Nos. 3 and 4 designated as defendants' Exhibit No. 1. This map was prepared by the surveyor Reagan, and both he and the defendants' witness, George Sprinkle, who had made an independent survey of these lands, vouched for its accuracy. Consequently, the court properly admitted the map to enable Reagan and Sprinkle to explain their testimony with respect to their surveys of the premises in question. *McKay v. Bullard,* 219 N. C., 589, 14 S. E. (2d), 657; 32 C. J. S., Evidence, section 730.

We have carefully considered Exceptions 2, 13, 16, and 17, and have concluded that none of them are of sufficient merit to justify a new trial.

As no harmful error has been made to appear, the judgment of the court below is

Affirmed.