The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with the modification of Finding of Fact No. 5, Conclusions of Law No. 1 and Award Nos. 1 and 2.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a right-handed, 17-year-old female, who is a high school senior and did not have any significant facial or bodily scars prior to the date in question. When injured she had a summer job at defendant-employer's fast food restaurant and was responsible for cashiering, packing orders, and cleaning the premises if no customers were around. Since her injury plaintiff has also worked at another fast food restaurant, Bojangles, as well as done some baby-sitting.
2. On June 23, 1994 plaintiff sustained the admittedly compensable injury by accident giving rise hereto when hot tea burned her dominant right arm.
3. As a result of the injury by accident giving rise hereto plaintiff retains the permanent scarring on her dominant right arm that was not only viewed by the undersigned and described of record, but is illustrated by the stipulated photographs thereof, which (record description and stipulated photographs) are hereby incorporated by reference as if fully set-out herein. Generally speaking, the area of scarring extends two-thirds of the way down the forearm from the elbow, is darker in coloration than the normal surrounding skin of the arm and smooth to touch.
4. Because of its location, size, character and coloration the same scars are not only easily visualized, but for similar reasons are somewhat repulsive in appearance. Other than being sensitive to extreme heat as she was at times during her subsequent job at Bojangles, plaintiff does not experience any type of physical problems from her scar.
5. Based not only on the somewhat repulsive appearance, but taking into account plaintiff's age, education, background and work experience, as well as the limited physical problems she experiences therefrom, such permanent bodily disfigurement is a serious one; in that it mars plaintiff's appearance to such an extent that it may be reasonably presumed to lessen her opportunity for remunerative employment and so reduce her future earning capacity. The fair and equitable amount of compensation known for such disfigurement is $2,250.00.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the injury by accident giving rise hereto, plaintiff retains serious and permanent bodily disfigurement entitling her to compensation in the amount of $2,250.00. N.C.G.S. § 97-31(21). Baxter v. Arthur, 216 N.C. 276, 4 S.E.2d 515
(1939). Stanley v. Hyman-Michaels, 222 N.C. 257, 22 S.E.2d 570
(1942).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay to the Clerk of Court of Durham County or to a general guardian appointed in her behalf, compensation in the amount of $2,250.00 to the minor plaintiff-employee on account of her serious and permanent bodily disfigurement. Such compensation having accrued, the same shall be paid in a lump sum, without compensation, subject to a reasonable attorney fee hereinafter approved.
2. A reasonable attorney fee in the amount of $425.00 is hereby approved for plaintiff's counsel, which shall be deducted from the above Award and forwarded directly thereto.
3. To the extent they have not already done so, defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto when bills for the same are submitted in accordance with the Industrial Commission rules.
4. Defendants shall bear the costs.
FOR THE FULL COMMISSION
 S/ _______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 12/16/96