RITTER LUMBER COMPANY v. GEORGE W. MOFFITT.

(Filed 20 December, 1911.)

1. **Objections and Exceptions—Broadside Exceptions—Appeal and Error.**

> An exception to the entire charge, containing several distinct propositions and much evidence, upon an issue, without specifying the errors complained of, will not be considered on appeal.

2. **Contracts, Written—Collateral Agreement — Consideration — Nudum Pactum.**

> The plaintiff sued under a written contract made with defendant by which the defendant was to skid logs on double-deck skids, along the skidway over a tram, without stipulation in regard to the time when the logs were to be taken off the skids by the plaintiff. The defendant alleged damages arising independent of the contract, for plaintiff's failure, under a collateral agreement, to remove the logs from the skidway at his mills, thereby causing damages to defendant. In this case a charge was held correct that as there was nothing in the written contract sued on in regard to the time the plaintiff was to remove the logs, the issue as to defendant's damages in reskidding the logs should be answered in plaintiff's favor.

3. Objections and Exceptions—Contentions—Evidence—Appeal and
   Error.

   Exceptions to the statement of the trial judge of the contention
   of the parties upon the evidence are not reviewable on appeal.

APPEAL from *Cline, J.,* at Spring Term, 1911, of MACON.

The plaintiff alleges in its complaint that on 2 May, 1908, the defendant executed his five notes, by which he promised to pay the plaintiff, in the aggregate, $987.84, and that on the same day he executed certain chattel mortgages to secure the payment of the same.

The defendant, in his answer, admits the execution of the notes and mortgages, and alleges, by way of counterclaim, that he and the plaintiff had entered into a logging contract, which the plaintiff had failed to perform, and that he had been damaged thereby.

Separate issues were submitted to the jury on the items of damage alleged in the answer, all of which were answered in favor of the defendant, except the third, as to reskidding logs.

The allegation of the answer, in reference to reskidding, is as follows:

"2. And that the said plaintiff agreed with this defendant to keep the tramroads running and to remove all logs as fast as they were skidded, and this the said plaintiff failed and refused to do, so that this defendant was compelled to reskid about 1,000,000 feet of logs, to his great damage, to wit, in the sum of $750," and the parts of the written contract relating thereto are: "The said party of the first part (Moffitt) agrees to cut all of said trees and timber into mill lengths of 12, 14, and 16 feet long, allowing on each log 4 inches to square the lumber, and will deliver the same at such place on the double-deck skidways along the tram as may be designated by the said party of the second part (the lumber company).

"The trees and timber cut and delivered as aforesaid shall be inspected and measured according to 'Lumberman's Favorite Log Scale Rule,' and all logs shall be measured at the small end, under the bark, narrow diameter, and all logs shall be delivered on the tramroad skidways, which are to be double-deck skidways, and shall be scaled at the mill."

The defendant, among other things, testified: That he and the plaintiff executed the contract set out and attached to and made a part of the defendant's answer, and that this was the only written contract about the transaction. That pursuant to the terms of said contract he commenced to build skidways along the line of tramway mentioned in said contract, the tramroad not being built at that time, but had been definitely marked out and surveyed and pegs placed along the line of survey; that he built a hundred or more skidways along the line of the tramway that had been surveyed; that some of the skidways were double-decked and some single-decked. He admitted it was his duty to construct the skidways provided for in the contract, upon which the logs were to be delivered.

He further testified that, independent of the written contract, the defendant agreed to have the logs removed to the mill as fast as the defendant put them on the skids, and thus keep the skidways clear, and that it failed to do so, and that the skidways were consequently filled up with logs, and defendant was compelled to drag about a million feet of the logs into the vicinity of the skidways and leave them there, and then when the skidways were cleared of logs defendant was obliged to take his hands and cattle back and reskid this million feet or hire other parties to do this for him; that is to say, to put these logs on the skidways in position to be loaded on the tramcars, and that this necessitated an additional expense of 50 cents a thousand to the defendant to reskid this million feet, or a total of $500, which the plaintiff had not paid him for.

From a judgment rendered in accordance with the issues, the defendant appealed.

*Johnston & Horn and L. C. Bell for plaintiff.*
*J. Frank Ray and Robertson & Benbow for defendant.*

PER CURIAM. There are seven exceptions in the record, all of which are formal, except three to parts of the charge.

The first of these must be disregarded, because it is to the whole charge on the third issue, which covers three and a half pages of the printed record, and contains several distinct propositions, and the errors complained of are not pointed out. *Gwaltney v. Assurance Society,* 132 N. C., 929.

The second is to the part of the charge on the third issue, as follows: "The defendant obligated himself in this contract to skid logs, and on double-deck skids, along the skidways over the tram, and, as the court thinks, there is nothing in the written contract in regard to the time when the logs would be taken off the skidways by the lumber company; and so I charge you that, nothing else appearing, the defendant could not recover anything under this issue."

An examination of the contract shows that there is no stipulation requiring the plaintiff to move the logs from the skidway in any particular time, and if the defendant relied on the contract alone, there could be no recovery on this item of damage, as stated by his Honor, as the evidence shows that the defendant did not rely upon the position that under the contract the plaintiff could not unreasonably delay the removal of the logs, but on an independent agreement between him and the plaintiff.

This question was submitted to the jury under proper instructions.

The third exception is to the statement of the contentions of the parties, all of which arose on the evidence.

Upon an examination of the whole record, it appears to us that the case has been tried impartially and that there is no error.

No error.