JAMES BAREFOOT ET AL. v. J. B. LEE.

(Filed 28 October, 1914.)

1. **Appeal and Error—Admissions.**

   The parties on appeal are bound by the statement made by the trial judge appearing of record as to their admissions on the trial in the court below; and objection thereto comes too late after verdict.

2. **Usury—Principal and Agent—Amount of Money Received.**

   In an action to recover a certain sum of money alleged to be due the plaintiff by reason of an usurious rate of interest charged him for a loan of money by the defendant, it appears that this money was received by the attorney of the plaintiff, out of which he paid an indebtedness of the plaintiff to another, and it does not appear how the balance of the money was used or applied. *Held*, it is the amount of money received by plaintiff's agent from the defendant that controls the question of usury, and as the defendant in this case appears to have paid over to the plaintiff's agent such an amount as frees the transaction from the taint of usury, a recovery was properly denied.

3. **Appeal and Error—Indefinite Exceptions.**

   An exception of appellant to three distinct instructions given by the trial judge to the jury is not sufficiently specific for consideration on appeal.

4. **Issues, Sufficiency of.**

   The issues submitted to the jury in this case are held sufficient under which to decide all controverted questions and to give each of the parties an opportunity to present his case in every aspect, and no error is found in rejecting other issues tendered by the appellant.

5. **Trials—Evidence—Female Witnesses—Credibility—Appeal and Error.**

   A statement made by the judge to the jury in this case, that a woman as a witness is not entitled "to more credit than a man," is held to be without error.

APPEAL by plaintiffs from *Lyon, J.,* at October Term, 1913, of CUM-BERLAND.

*E. G. Davis and R. L. Godwin for plaintiff.*
*Clifford & Townsend for defendant.*

PER CURIAM. This action was brought to recover $772.54, double the amount of excessive and unlawful interest alleged to have been paid to defendant, as usury, upon an indebtedness of the former to the latter, evidenced by a note and mortgage to secure the same. The note was given for $1,528.25, whereas plaintiffs allege that he received on the loan only $1,223.48. The transaction was conducted through W. A. Stewart as attorney for the plaintiff. He received the $1,528.25 from defendant, paid off a debt due by plaintiff to J. C. Layton amounting to $1,223.48, and it did not appear what disposition was made of the balance. The case substantially turned upon the authority of W. A. Stewart to represent the plaintiffs and bind them by his acts. It is stated in the record that plaintiffs admitted that Mr. Stewart was their attorney. Plaintiffs denied on the argument before us that this was true, but we must accept the statement of the judge on this point, nothing else appearing. We cannot settle this controversy upon their bare denial. Upon the admission, the charge of the court was clearly right, that defendant's liability, or plaintiffs' right to recover, depended not upon the amount due to Layton, but upon that received by W. A. Stewart from defendant for and in behalf of the plaintiffs. It was the actual amount loaned, regardless of the amount received by them. They must settle the difference with their attorney, who it seems had a claim against them for professional services rendered in this and perhaps other transactions. Besides, the exceptions of plaintiffs to the charge of the court were not specific enough. It was directed against three distinct instructions, separately numbered, one of which, at least, was correct in law. It must, therefore, fail. *Lumber Co. v. Moffitt,* 157 N. C., 568; *Gwaltney v. Assurance Society,* 132 N. C., 929.

If the plaintiffs wished to challenge the correctness of the statement that they had made the admission as to Mr. Stewart's attorneyship, they should have called it to the attention of the court at the proper time. It is too late, after verdict, to avail themselves of its incorrectness, as a matter of right. *Phifer v. Comrs.,* 157 N. C., 150; *Jeffress v. R. R.,* 158 N. C., 215. The judge would probably have set aside the verdict, in the exercise of his discretion, if he had found that he had inadvertently misrepresented the fact.

The issues submitted by the court to the jury were sufficient to decide all controverted questions, and gave each of the parties a fair and full opportunity to present his case in every aspect of it. When this is the case, there is no error in rejecting other issues tendered, which would manifestly be superfluous and often produce confusion. *Clark v. Guano Co.,* 144 N. C., 71; *Roberts v. Baldwin,* 155 N. C., 276; *Williams v. R. R.,* 155 N. C., 260; *Garrison v. Williams,* 159 N. C., 426.

The statement of the judge that a woman was entitled to no more credit than a man was obviously correct. Her credibility must be determined by her intelligence, character, demeanor on the stand, knowledge of the facts, and other circumstances, and not by her sex.

The other exceptions are without merit.

No error.