CITY OF INDIANAPOLIS *v.* BARTHEL, ADMINISTRATOR.

[No. 23,801. Filed November 15, 1923. Rehearing denied February 8, 1924.]

1.  MUNICIPAL CORPORATIONS.— *Defects in Streets.— Notice of Injury.—Statute.—*A notice to a city of the time, place, cause and nature of an injury resulting from a defect in its street, as required by §8962 Burns 1914, Acts 1907 p. 249, which stated that an automobile in which the injured party was riding was being driven north over said street "near the west car tracks" would not mislead the city into believing that the automobile was on the west side of the street at the time of the injury.  p. 275.

2.  APPEAL.— *Review.— Instructions.— Exceptions.— Statute.—*In the absence of a bill of exceptions showing what instructions were given and refused and what exceptions thereto were reserved, no attempt having been made to reserve exceptions under the provisions of §§560, 561 Burns 1914, no question relating to the instructions will be considered on appeal.  p. 276.

3.  TRIAL.— *View of Place of Injury by Jury.—Abuse of Discretion of Court.—*In the trial of an action against a city for the death of a person riding in an automobile, caused by the rough surface of a street deflecting the car from its course so as to strike a pole in the street, where the testimony showed that the street had been repaired and the pole removed since the accident, the trial being held 40 miles away, it would not be an abuse of the court's discretion to refuse to send the jury to view the place of the accident.  p. 277.

4.  EVIDENCE.— *Action by Administrator.— Admissions by Him Before Appointment.—*In an action by an administrator for wrongful death, admissions made by him as to the medical treatment of the injured party before her death are not rendered competent against the plaintiff by his subsequent appointment as administrator.  **p. 277.**

VOL. 194—18

City of Indianapolis *v.* Barthel, Admr.—194 Ind. 273.

5. EVIDENCE.—*Action by Administrator.—Exclusion of Admissions by Him.—Omission from Offer to Prove.*—In an action by an administrator for the death of plaintiff's wife, exclusion of testimony that decedent's mother told the plaintiff before the decedent's death that the latter needed better medical attention, and that he would be responsible for her death unless he sent her to a designated hospital, would not constitute available error where there was not an offer to prove that he admitted the truth of such assertions. p. 277.

6. EVIDENCE.—*Action for Wrongful Death.—Admissions by Administrator.—Not Binding on Beneficiary.*—In an action by an administrator for the wrongful death of his wife, for the benefit of himself and daughter, offered testimony that decedent's mother had said to him that his wife needed better medical attention and that he would be responsible for her death unless he sent her to a designated hospital, was properly excluded because not binding on the daughter. p. 277.

7. APPEAL.—*Review.—Evidence.—Sufficiency.*—A judgment will not be reversed for informality of proof of a fact when it is obvious, from the entire evidence, that the fact existed. p. 278.

8. MUNICIPAL CORPORATIONS.—*Defective Street.—Notice Thereof.*—Where defects in a street have existed for several years, the city is charged with notice thereof. p. 278.

9. APPEAL.—*Briefs.—References to the Record.*—Where appellant's brief wholly fails to show that questions discussed therein are presented by the record, and to point out the pages and lines of the transcript where the facts relied on and appellant's exceptions may be found, such questions will not be considered. p. 278.

10. APPEAL. — *Review. — Instructions. — Exceptions Thereto.—Making up Record.—Statute.*—Though a record entry may be made to show that certain instructions were tendered, that certain ones were given and others refused, that the court gave others of its own motion, and that the appellant reserved exceptions to the action of the court in giving and refusing such instructions, if they are sufficiently identified by the signatures of counsel and judge and their position in the record, and the exceptions are properly taken either under §560 or §561 Burns 1914, but if it is attempted to bring instructions into the record under said statutes, the statutory requirements that requested instructions must be "signed by the party or his attorney asking the same" and that "all instructions given by the court [on its own motion] must be signed by the judge" must be observed, and the record made up in such manner as to identify the instructions given by the court and those requested to be given. p. 278.

From Bartholomew Circuit Court; *John W. Donaker,* Judge.

Action by Alfred Barthel, as administrator, against the City of Indianapolis. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Samuel Ashby, Thomas D. Stevenson, Harry E. Yockey, Dixon H. Bynum, Rynerson & Long,* for appellant.

*Kollmeyer & Sharpneck* and *William E. Reiley,* for appellee.

EWBANK, J.—This was an action for damages for negligently causing the death of Mabel Barthel, whose husband sued as administrator of her estate.

1. The alleged negligence consisted of permitting the surface of Madison avenue for some distance south of an iron pole standing therein, at the intersection of Palmer street north of the J. M. and I. Railroad tracks, in the city of Indianapolis to be and remain in a defective condition, by reason of being filled with holes, bumps and projections. And the complaint alleged that while plaintiff's decedent was riding as a passenger in an automobile in said street, these defects diverted the wheels from their course, and caused the automobile to run against said iron pole, and that plaintiff's decedent was thereby so injured that she died. The notice served on the city within sixty days, pursuant to the provisions of the statute (§8962 Burns 1914, Acts 1907 p. 249), recited that the pole was in the center of the street, that the entire east side of the street was defective, that the automobile while being driven north was driven "into the center of the street near the west car tracks to avoid the rough places", that the front wheels struck the holes and projections in the surface of the street and they threw the automobile "out of its path to the left and the hub of the

left front wheel of said automobile collided with said iron pole", and caused the injury. The complaint alleged that the automobile was being driven between "the east car tracks", when the wheels struck the defective surface of the street and "violently diverted the course of the machine to the northwest", and caused the hub of the left front wheel to strike the pole, and the evidence tended to prove that this was the way the injury was caused. Counsel for appellant insist that there was a variance between the statement in the notice and the facts proved, and assert that an automobile driven "near the west car tracks" would necessarily be on the west side of the street. Waiving the question whether the statutory requirement of "a brief general description of the time, place, cause and nature of the injury" would call for a statement of the precise spot on the street where the wheels struck the alleged defects, we do not think there was any variance. The notice stated only that the automobile was driven "near the west tracks", and alleged that the defects in the street threw it "to the left", and that the hub of the "left front wheel" was thereby thrown against the pole in the center of the street. These facts clearly showed that the automobile running north was east of the center of the street until diverted to the left by the defects in the street, and could not mislead appellant into believing that in driving "near the west track" the automobile was on the west side of the street at the time of the injury.

Appellant complains of the giving of certain instructions and the refusal to give certain others. But there is no bill of exceptions reciting what instructions 2. were asked, what were given or what were refused, nor the fact that any exceptions thereto were reserved; and no attempt was made to reserve exceptions by a signed and dated indorsement on the

margin of each instruction, under the provisions of §560 Burns 1914, §535 R. S. 1881, nor by signing the several requests for instructions, or procuring the judge to sign those which the court gave of its own motion, and to sign memoranda in writing indorsed on those requested indicating by numbers which of them were given and which refused, or by taking any steps whatever to identify the instructions and to reserve exceptions under §561 Burns 1914, Acts 1907 p. 652. And since the instructions are not made part of the record, we cannot consider any questions in relation to them.

The injury was sustained at Indianapolis in January, 1917. The case was tried at Columbus, forty miles away, in October, 1919, after the lapse of two years and nine months, having been taken by change of venue to Shelby county on motion of plaintiff, and then to Bartholomew county, on motion of defendant. Plaintiff's witnesses testified that the holes in the street had been patched since the accident, and that the iron pole that was struck by the car in which plaintiff's decedent was riding at the time of the accident had been removed from the street. Under these conditions, the trial court did not abuse its discretion in refusing to send the jury to view the place of the injury.

Appellant complains of the exculsion of offered testimony of a conversation by the mother of decedent with appellee (now the administrator) after the accident and prior to the death of decedent, in which the witness told him that decedent needed better medical attention and should be sent to a designated hospital, and that, if he did not send her there, he would be responsible for her death. This was not error. The mere fact that appellee was appointed as administrator after the death of the injured party would not make his admissions before her death competent evidence against

the estate. Neither did the offer to prove include an offer of testimony that he admitted the truth of what the witness had said to him. And the suit was for the benefit of a six-year old daughter of the deceased, as well as the husband who was acting as administrator, and the child could not be bound by recriminations that passed between her father and her grandmother.

Appellant complains of a lack of direct evidence that the scene of the accident was within the city of Indianapolis. But facts were proved from which the jury had a right to infer that it was. And the court will not reverse a judgment for informality of the proof of a fact when it is obvious from the evidence that the fact exists.

A witness testified that the alleged defects in the street had existed for several years. This was enough to charge the city with notice of them. *Michigan City* v. *Boeckling* (1890), 122 Ind. 39, 42; *City of Valparaiso* v. *Chester* (1911), 176 Ind. 636, 642, 96 N. E. 765.

Some other questions are discussed in appellant's brief, but it wholly fails to show that they are presented by the record, or to point out the pages and lines of the transcript where the facts relied on and appellant's exceptions, if any, may be found.

The judgment is affirmed.

### ON PETITION FOR REHEARING.

EWBANK, C. J.—It is true that a record entry may be made to show that certain instructions were tendered, that certain of them were given and others refused, that the court gave others of its own motion, and that appellant reserved exceptions to the several rulings of the court, if the instructions so given and excepted to and those refused and excepted to are sufficiently identified by the signatures of the

judge and counsel and by their position in the record. §558, subds. 4, 6, and §561, Burns 1914, §533 R. S. 1881, Acts 1907 p. 652; *Duckwall* v. *Davis* (1924), *post* 670.

But the statutory requirement that requested instructions must be "signed by the party or his attorney asking the same," and that "all instructions given by the court must be signed by the judge," and other similar provisions are not wholly nugatory, but, at the least, have the effect of requiring identification of the instructions when copied into the transcript for an appeal.

The instructions requested in this case were not copied into the transcript in connection with the signed requests, nor in immediate connection with the record recital that instructions bearing certain numbers were given and those bearing certain other numbers were refused, but they and the three unsigned instructions attributed to the court were identified only by parenthetical notes prefixed to them in making up the transcript. And the number of instructions which the request signed by counsel for plaintiff, as set out on page 26 of the transcript, purports to tender does not even correspond with the number set out on pages 30 to 33, under the head-note "instructions tendered by plaintiff."

The instructions have not been made part of the record in any manner provided by the statute.

The petition for a rehearing is overruled.