ROSCOE SHERMAN POWELL v. ERVIN DANIEL, AN INFANT, BY HIS GUARDIAN AD LITEM, J. M. DANIEL.

(Filed 19 November, 1952.)

1. **Automobiles §§ 8i, 18h (2)—Evidence held for jury on question of negligence in failing to stop and maintain lookout before entering through street intersection.**

     Defendant's evidence on his counterclaim which tends to show that defendant was traveling twenty-five to thirty miles per hour on a through highway and was first in the intersection when his car was struck on its right side after its front had cleared the intersection by plaintiff's car which approached the intersection from defendant's right at a high rate of speed and failed to stop in obedience to a stop sign on the servient highway, and failed to slacken speed or change course, although plaintiff could have seen defendant's car in the intersection, *is held* sufficient to overrule plaintiff's motion to nonsuit the counterclaim, the evidence being considered in the light most favorable to defendant on that issue.    G.S. 20-158.

2. **Appeal and Error § 39e—**

     The exclusion of competent evidence is not prejudicial when the evidence thereafter is properly admitted.

3. **Evidence § 42c: Infants § 14—**

     Admissions of a guardian *ad litem* or next friend are not competent against the infant.

4. **Evidence § 42g—**

     Plaintiff must show that defendant was in fact silent in the face of a damaging statement before such statement can be held competent as an admission by silence.

**5. Appeal and Error § 39e—**

The admission of evidence over objection cannot be held prejudicial when substantially the same evidence is thereafter admitted without objection.

**6. Appeal and Error § 6c (5)—**

An exception to a portion of the charge containing statements of a number of propositions, without specifying any particular statement in the charge as erroneous, cannot be sustained if any one of the statements is correct.

**7. Automobiles § 18i—**

A charge that, except as otherwise provided, a speed in excess of thirty-five miles an hour in a residential district is unlawful, will not be held for error when the court thereafter explains the relevant speed restrictions applicable to the evidence.

**8. Appeal and Error § 6c (6)—**

While error in the statement of the law or the contentions of the parties in respect to the law need not be called to the trial court's attention at the time, misstatement of the contentions of the parties in respect to the evidence must be called to the court's attention in apt time in order to be considered on appeal.

APPEAL by plaintiff from *Clement, J.,* and a jury, at March Term, 1952, of RANDOLPH.

Civil action arising out of a collision between two motor vehicles at a highway intersection, where traffic was controlled by stop signs.

The accident culminating in this lawsuit occurred between five and six o'clock p.m. on 7 January, 1951, upon the intersection of two paved highways in the Town of Mocksville, and resulted in harm to both of the vehicles involved in it. The plaintiff sued the defendant for the damage to his automobile, and the defendant counterclaimed for the injury to his car.

These issues arose on the pleadings, and were submitted to the jury:

1. Was the plaintiff Roscoe Powell damaged by the negligence of the defendant, as alleged in the complaint?

2. Did the plaintiff by his negligence contribute to his damage, as alleged in the answer?

3. What damage, if any, is the plaintiff entitled to recover of the defendant?

4. Was the property of the defendant Ervin Daniel injured by the negligence of the plaintiff, as alleged in the counterclaim?

5. What damages, if any, is Ervin Daniel entitled to recover of the plaintiff?

The jury answered the first issue "No," the fourth issue "Yes," and the fifth issue "$200.00." The court entered judgment "that the plaintiff recover nothing by his action and that the defendant . . . recover of the

plaintiff . . . the sum of $200.00" upon his counterclaim, and the plaintiff appealed, assigning errors.

*Ottway Burton for plaintiff, appellant.*
*Miller & Moser for defendant, appellee.*

ERVIN, J.   The plaintiff makes these assertions by his assignments of error:

1. That the court erred in refusing to dismiss the counterclaim upon a compulsory nonsuit.

2. That the court erred in the exclusion of testimony offered by plaintiff.

3. That the court erred in the admission of testimony offered by defendants.

4. That the court erred in its instructions to the jury.

These questions are considered in their numerical order.

There was sharp conflict in the testimony presented by the parties at the trial.  The evidence adduced by the plaintiff would have supported a verdict in his favor if it had been accepted by the jury.  We omit specific reference to his evidence, however, because it is not necessary to an understanding of the questions arising on the appeal.

When the testimony offered by the defendant is interpreted most favorably for him, it makes out this case:

1. Highway 601, which runs north and south, and Highway 64, which runs east and west, pass over each other at right angles in a residential district in the Town of Mocksville.

2. Before the event producing this litigation, the road governing authorities designated Highway 601 a main traveled or through highway under the provisions of G.S. 20-158 by erecting at the entrances to it from Highway 64 signs notifying drivers of vehicles on Highway 64 to come to a full stop before entering or crossing Highway 601.

3. The defendant Ervin Daniel, a minor, drove his Chevrolet automobile southward along Highway 601, reached its intersection with Highway 64 substantially in advance of the plaintiff, and observed that the intersection was free from vehicular traffic.  He thereupon entered the intersection, and undertook to proceed straight through it at a speed of between 25 and 30 miles an hour.

4. Although the prior entry and occupancy of the intersection by the defendant's Chevrolet automobile was clearly visible to him for an appreciable time as he approached the intersection from the west, the plaintiff drove his Plymouth car eastwardly along Highway 64 "at a high rate of. speed," failed to stop before entering the intersection in obedience to the stop sign confronting him, proceeded directly onto the intersection with-

out changing the course of his car or reducing its speed, and struck the right rear fender of the defendant's Chevrolet, which had already cleared the northern half of the intersection. As a result of the impact, both vehicles suffered substantial damage, and the defendant lost control of his Chevrolet automobile, which left the highway and razed a portion of a wire fence enclosing a poultry-yard on abutting premises.

This evidence suffices to show that the plaintiff was negligent in the operation of his automobile in these respects: (1) That he failed to keep a reasonably careful lookout, *Register v. Gibbs,* 233 N.C. 456, 64 S.E. 2d 280; (2) that he failed to keep his automobile under reasonable control, *Hansley v. Tilton,* 234 N.C. 3, 65 S.E. 2d 300; and (3) that he drove his automobile onto a main traveled or through highway from an intersecting road without first stopping in obedience to a duly erected stop sign when he knew, or by the exercise of reasonable care would have known, that his failure to stop in obedience to the stop sign was likely to cause a collision between his automobile and the defendant's car, which was already within the intersection. G.S. 20-158; *Johnson v. Bell,* 234 N.C. 522, 67 S.E. 2d 658; *Lee v. Chemical Corp.,* 229 N.C. 447, 50 S.E. 2d 181; *Hill v. Lopez,* 228 N.C. 433, 45 S.E. 2d 539; *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239; *Sebastian v. Motor Lines,* 213 N.C. 770, 197 S.E. 539. This evidence likewise suffices to show that the negligence of the plaintiff in one or more of these respects was the proximate cause of the collision and the resultant damage to defendant's car. These things being true, the court rightly refused to dismiss the counterclaim upon a compulsory nonsuit.

The assignments of error based on rulings upon evidential matters are reviewed in the numbered paragraphs set forth below.

1. The plaintiff's witness Monroe Draughn testified that he repaired the Plymouth car subsequent to the collision, and identified plaintiff's Exhibit A as a bill prepared by him correctly listing the various items of repair. The plaintiff thereupon offered the repair bill in evidence. The court excluded it on objection of the defendant, and the plaintiff noted an exception to its exclusion. The court afterwards reversed its ruling on this point, and received the repair bill in evidence. By so doing, the court cured any error in its original rejection of the repair bill. This is necessarily so because a litigant is not harmed by the exclusion of testimony, when the same, or substantially the same, testimony is subsequently admitted. *Sprinkle v. Reidsville,* 235 N.C. 140, 69 S.E. 2d 179; *Fanelty v. Jewelers,* 230 N.C. 694, 55 S.E. 2d 493; *Shipping Lines v. Young,* 230 N.C. 80, 52 S.E. 2d 12; *Poole v. Gentry,* 229 N.C. 266, 49 S.E. 2d 464; *Metcalf v. Ratcliff,* 216 N.C. 216, 4 S.E. 2d 515; *Bryant v. Reedy,* 214 N.C. 748, 200 S.E. 896; *Keith v. Kennedy,* 194 N.C. 784, 140 S.E. 721.

2. J. M. Daniel, the father and guardian *ad litem* of the defendant, a seventeen year old boy, was not a witness in the case. At some undis-

closed time between the occurrence of the collision and the commencement of the action, the plaintiff, the defendant, and J. M. Daniel were in a courtroom at Mocksville. The plaintiff undertook to testify that on this occasion "the woman came up that owned the (poultry-yard) fence and said that she wanted damage to her fence or her fence put up," and J. M. Daniel replied: "My boy tore it down; I will put it up." The court excluded this testimony on objection of the defendant, and the plaintiff assigns its rejection as error. This assignment of error is untenable. The statement of the defendant's father is not admissible as the admission of a party to the record because "the admissions of a guardian *ad litem* or next friend are not competent to affect the interest of the person whom declarant represents in the action." *Cook v. Edwards,* 198 N.C. 738, 153 S.E. 323; 31 C.J.S., Evidence, section 319. There is no solid basis for any contention that the statement of the defendant's father ought to have been received as an admission by silence on the part of the defendant. This is true for the very simple reason that there was no preliminary showing by the plaintiff that the defendant remained silent when the statement was made. *City of Indianapolis v. Barthel,* 194 Ind. 273, 141 N.E. 339; *Ray v. Ray,* 196 Ky. 579, 245 S.W. 287; *McCarty v. Bishop,* 231 Mo. App. 604, 102 S.W. 2d 126; Stansbury on North Carolina Evidence, section 179; Wigmore on Evidence (2d Ed.), section 1071.

3. The plaintiff noted two exceptions to the admission of the defendant's evidence that the plaintiff's automobile struck the defendant's car. These exceptions are not subject to review in this court because the defendant gave substantially the same testimony without objection in other portions of his examination. *Spivey v. Newman,* 232 N.C. 281, 59 S.E. 2d 844; *White v. Disher,* 232 N.C. 260, 59 S.E. 2d 798; *Davis v. Davis,* 228 N.C. 48, 44 S.E. 2d 478; *Belhaven v. Hodges,* 226 N.C. 485, 39 S.E. 2d 366; *Hobbs v. Coach Co.,* 225 N.C. 323, 34 S.E. 2d 211; *Merchant v. Lassiter,* 224 N.C. 343, 30 S.E. 2d 217; *McKay v. Bullard,* 219 N.C. 589, 14 S.E. 2d 657.

The tenth, eleventh, twelfth, and thirteenth exceptions are addressed to the charge.

The tenth exception is a general exception to a lengthy portion of the charge which contains a number of propositions, including the following: "When a person comes to an intersection where there is a stop sign . . ., it is incumbent on him . . . to act as a reasonably prudent man would act at the time and place in question." This exception falls under the condemnation of the necessary rule of appellate practice that an exception must point out some specific part of the charge as erroneous, and that an exception to a portion of a charge embracing a number of propositions is insufficient if any of the propositions are correct. *S. v. Lambe,* 232 N.C. 570, 61 S.E. 2d 608; *Arnold v. Trust Co.,* 218 N.C. 433, 11 S.E. 2d

307; *Rawls v. Lupton,* 193 N.C. 428, 137 S.E. 175; *Lanier v. Pullman Co.,* 180 N.C. 406, 105 S.E. 21; *S. v. Bryant,* 178 N.C. 702, 100 S.E. 430; *Bank v. Pack,* 178 N.C. 388, 100 S.E. 615; *Barefoot v. Lee,* 168 N.C. 89, 83 S.E. 247; *Sigmon v. Shell,* 165 N.C. 582, 81 S.E. 739; *Buie v. Kennedy,* 164 N.C. 290, 80 S.E. 445; *Lumber Co. v. Moffitt,* 157 N.C. 568, 73 S.E. 212; *S. v. Bowman,* 152 N.C. 817, 67 S.E. 1058; *Gwaltney v. Assurance Society,* 132 N.C. 925, 44 S.E. 659; *Bost v. Bost,* 87 N.C. 477.

The eleventh exception questions the validity of a brief portion of the charge in which the court undertook to instruct the jury with respect to this statutory provision: "Except as otherwise provided in this chapter, it shall be unlawful to operate a vehicle in excess of . . . thirty-five miles per hour in any residential district." G.S. 20-141. This particular instruction, standing alone, may merit criticism. But when the charge is read as a whole, it is obvious that the court explained the relevant speed restrictions to the jury in accurate and simple language.

The twelfth and thirteenth exceptions cover portions of the charge constituting mere statements by the trial judge of contentions of the parties arising upon evidence. They were noted for the first time in the case on appeal, and are without value to plaintiff for the reasons stated below.

"Under the appellate practice which obtains in this jurisdiction, it is not incumbent upon a litigant to except at the trial to errors in the instructions of the judge as to applicable law, or in instructions of the judge as to the contentions of the parties with respect to such law. It is sufficient if he sets out his exceptions to errors in such instructions for the first time in his case on appeal. . . . The rule is otherwise, however, where the judge misstates the evidence, or the contentions of the parties arising on the evidence. When that occurs, the litigant must call the attention of the judge to the misstatement at the time it is made, and thus afford the judge an opportunity to correct it before the case is given to the jury. Furthermore, he must note an immediate exception to the ruling of the judge in case his request for a correction of the misstatement is refused. If this course is not pursued, the misstatement of the evidence or of the contentions based thereon is not subject to attack or review on appeal." *S. v. Lambe, supra.* See, also, in this connection: *In re Will of McGowan,* 235 N.C. 404, 70 S.E. 2d 189; *Dickson v. Coach Co.,* 233 N.C. 167, 63 S.E. 2d 297; *Coach Co. v. Motor Lines,* 229 N.C. 650, 50 S.E. 2d 909; *Steele v. Coxe,* 225 N.C. 726, 36 S.E. 2d 288; *Ward v. R. R.,* 224 N.C. 696, 32 S.E. 2d 221; *Manufacturing Co. v. R. R.,* 222 N.C. 330, 23 S.E. 2d 32; *Rooks v. Bruce,* 213 N.C. 58, 195 S.E. 26; *Winborne v. McMahan,* 206 N.C. 30, 173 S.E. 278.

There is in law

No error.