STATE OF NORTH CAROLINA v. WILLIAM JAMES COLVIN

No. 54

(Filed 30 July 1979)

**1. Homicide § 17.2— evidence of threats**

The trial court in a first degree murder case did not err in permitting a witness to testify that defendant had said he was going to kill his wife if she tried to take his children away from him, since evidence of such threat was admissible to show premeditation and deliberation, and this was so even though the threat was conditional.

**2. Criminal Law § 169.7; Homicide § 17.1— defendant's intent—evidence improperly excluded—subsequent similar evidence admitted**

Even if the trial court erred in excluding defendant's testimony on direct examination in response to a leading question that he did not intend to shoot his wife, defendant was not prejudiced thereby since, during defendant's further testimony, he related his version of the events leading to his wife's death and stated without objection that "it was not my intention to fire that weapon at all."

**3. Witnesses § 1.2— nine year old witness—competency**

Defendant failed to show an abuse of discretion in the trial court's ruling that a nine year old child was competent to testify.

**4. Homicide § 30.2— first degree murder—no instruction on voluntary manslaughter required**

The trial court in a first degree murder case did not err in failing to instruct the jury that a killing in the heat of passion upon adequate provocation would be voluntary manslaughter, since there was no evidence in the record. which could support a finding by the jury of adequate provocation.

BEFORE *Judge Snepp* at the 11 September 1978 "Schedule B" Session of MECKLENBURG Superior Court, and on a bill of indictment proper in form, defendant was tried and convicted of murder in the first degree. He was sentenced to life imprisonment and appeals under G.S. 7A-27(a).

*Rufus L. Edmisten, Attorney General, by Elizabeth C. Bunting, Assistant Attorney General, for the state.*

*Hicks & Harris, by Tate K. Sterrett, Attorneys for defendant appellant.*

EXUM, Justice.

Defendant's principal assignments of error challenge: (1) the admissibility of testimony concerning threats he made against his wife; (2) the exclusion of testimony by defendant that he did not intentionally kill his wife; (3) the trial court's ruling that a nine-year-old child was competent to testify; and (4) the adequacy of the instructions to the jury on malice and heat of passion. We find no error prejudicial to defendant in any of these instances.

The state's evidence tended to show that in March of 1978 defendant and his wife, Betty Mae Colvin, were having marital difficulties. Defendant had told state's witness Johnny Jackson that his wife was in the process of leaving him, and she was going to take their children with her. Defendant said that he would kill his wife before he would allow her to take his children away from him. Defendant also made statements on 18 March 1978 to three other people, all of whom testified at trial, that he was going to kill unnamed people and go to jail.

On the morning of 19 March 1978 Betty Mae Colvin went to Emma Howze's house. She stayed until mid-afternoon, when she and Ms. Howze went to the Colvins' apartment. Defendant was there. Mrs. Colvin went upstairs, and defendant ordered Ms. Howze out of the house. Ms. Howze left and stood on the porch by the open front door. Mrs. Colvin came downstairs. Defendant got a rifle, pointed it at his wife's head and pulled the trigger. She fell, half inside and half outside the front door. According to medical testimony, Betty Mae Colvin died as a result of a gunshot wound to the head.

Defendant next pointed the rifle at Ms. Howze. A scuffle between the two of them ensued, and Ms. Howze was shot in the foot. Defendant ran.

Defendant presented two witnesses who testified that while they were with defendant on 19 March 1978 they did not hear him make any threatening statements concerning his wife. Defendant testified in his own behalf. He said that on 19 March 1978 his wife told him she was not returning home. Later that afternoon, she and Emma Howze came to defendant's apartment. While his wife was upstairs getting a blouse, defendant told Ms. Howze to get out of his house. When she refused, defendant got a rifle out of the closet, hoping that he could scare Ms. Howze and make her leave. Ms. Howze grabbed the rifle. During a struggle between defendant and Ms. Howze, the rifle fired. When defendant looked up his wife was lying at the bottom of the stairs. Defendant did not know whether he was the one who in fact pulled the trigger of the rifle.

Defendant said he ran because he was scared. He went to Chester, South Carolina, and stayed with his mother. He planned to turn himself in but was waiting until he received money from the settlement of a car accident so that he could hire a lawyer to represent him.

[1] By his first assignment of error defendant argues it was error to allow Jackson to testify that defendant said he was going to kill his wife if she tried to take his children away from him. Defendant contends this evidence was irrelevant and immaterial. We disagree. "Anything that a party to the action has said, if relevant to the issues and not subject to some specific exclusionary rule, is admissible against him as an admission." *State v. Gaines*, 283 N.C. 33, 42, 194 S.E. 2d 839, 845 (1973) (*quoting* Stansbury's North Carolina Evidence § 167 (2d ed. 1963)). In a first degree murder trial, evidence of threats made by defendant against the victim are admissible to show premeditation and deliberation. *State v. Reams*, 277 N.C. 391, 178 S.E. 2d 65 (1970), *cert. denied*, 404 U.S. 840 (1971). This is so even though the threat was conditional. *State v. Baity*, 180 N.C. 722, 105 S.E. 200 (1920); *State v. Rose*, 129 N.C. 575, 40 S.E. 83 (1901). Defendant's first assignment of error is overruled.

**[2]**   When defendant first took the stand at trial, the following exchange, which is the basis of his second assignment of error, took place:

> "Q. Now, let me ask you this, Mr. Colvin. Did you intentionally kill Betty Mae Colvin?
>
> MR. DAVIS: Objection.
>
> COURT: Sustained.
>
> A. No, sir.
>
> COURT: You will not consider that answer, ladies and gentlemen."

The question was leading, and the trial court could properly have sustained the objection to it on that ground. *Cf. State v. Peplinski,* 290 N.C. 236, 225 S.E. 2d 568, *cert. denied,* 429 U.S. 932 (1976) ("Was your husband in the habit of carrying lots of cash on him or not, Mrs. Hunt?" held leading question). This was the first substantive inquiry made of defendant on direct examination. The danger of the desired answer being suggested by the form of the question was especially high at that point. Good practice would have dictated allowing defendant to relate his version of the events before inquiring as to any specific intent he might have had. Then, even if a particular question were leading, the trial court would have been in a position to determine whether defendant could give an independent answer.

Although the question here was leading, we note that this Court found error in the sustaining of an objection to a virtually identical question in *State v. Freeman,* 280 N.C. 622, 187 S.E. 2d 59 (1972) ("Did you at any time have any intention in your mind of killing George Thomas Smith?"). Defendant in *Freeman,* like defendant here, was charged with first degree murder. When the state relies on premeditation and deliberation in such a case it must prove a specific intent to kill. *State v. Propst,* 274 N.C. 62, 161 S.E. 2d 560 (1968). A defendant's testimony that he had no such intent is clearly relevant and ought to be admitted.

Even if the trial court's ruling here was error under *Freeman,* we see no prejudice to defendant by it. During defendant's further testimony he related his version of the events

leading to his wife's death. According to him the rifle was accidently fired during a scuffle with Ms. Howze at a time when defendant thought his wife was still upstairs. He also testified that he did not know whether he pulled the trigger, and he stated without objection that "it was not my intention to fire that weapon at all."

Defendant's defense that he did not intend to shoot his wife was clearly before the jury. Even if the exclusion of his initial statement that he did not intend to kill his wife was error, there is no "reasonable possibility that, had the error in question not been committed, a different result would have been reached at trial." G.S. 15A-1443(a). This holding is in accord with the general rule that no prejudice arises from "the exclusion of testimony, when the same, or substantially the same, testimony is subsequently admitted." *Powell v. Daniel*, 236 N.C. 489, 492, 73 S.E. 2d 143, 145 (1952). Defendant's second assignment of error is overruled.

[3] Defendant's third assignment of error challenges the trial court's ruling that Adrian Michelle Young, a nine-year old child, was competent to testify. The question on this issue is "whether the witness understands the obligations of the oath and has sufficient intelligence to give evidence." *State v. Thomas*, 296 N.C. 236, 242-43, 250 S.E. 2d 204, 208 (1978). The trial court here conducted a voir dire and, on the basis of the evidence adduced therein, found that the witness satisfied these criteria. The witness subsequently gave clear and consistent testimony. The trial court's finding of competency will be reversed only on a showing of abuse of discretion. *State v. Cox*, 280 N.C. 689, 187 S.E. 2d 1 (1972). No such showing was made here. Defendant's third assignment of error is overruled.

[4] By his ninth assignment of error defendant contends that the trial court's instructions to the jury were inadequate because there was no instruction that a killing in the heat of passion upon adequate provocation would be voluntary manslaughter. We find no merit in this contention. There is no evidence in the record which could support a finding by the jury of adequate provocation. That being the case, the trial court was not required to instruct on heat of passion. *See State v. Patterson*, 297 N.C. 247, 254 S.E. 2d 604 (1979); *State v. Hankerson*, 288 N.C. 632,

220 S.E. 2d 575 (1975), *rev'd on other grounds,* 432 U.S. 233 (1977). This assignment of error is overruled.

We have examined defendant's other assignments of error and find they do not merit discussion. In the trial there was

No error.